IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT HOSSFELD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No. 20-CV-7091<br><br>Judge Joan B. Gottschall |

## ORDER

Plaintiff moves under Federal Rule of Civil Procedure 26(d)(1) for leave to issue document preservation subpoenas to third parties. As an initial matter, plaintiff filed his complaint about three weeks ago on December 1, 2020 (ECF No. 1), and defendant has not appeared. Per the email correspondence with defendant's counsel in another case attached to the motion (*see* ECF No. 7 Ex. A at 1–2), defendant has taken no position on the motion.

Contrary to plaintiff's position, this does not mean that no one will be prejudiced by issuing discovery at this early stage. If this case is disposed of (nothing is implied about the merits) prior to the commencement of discovery, third parties will have spent unnecessary money and wasted time responding to plaintiff's proposed subpoenas. *See In re Broiler Chicken Antitrust Litig.*, 2017 WL 1682572, at \*6 (N.D. Ill. Apr. 21, 2017). Given this burden, the court, in its discretion, denies plaintiff's motion for two reasons.

First, the court knows next to nothing about the preservation of call records, and plaintiff has not provided any evidence to substantiate his conclusory assertion that there is a "real risk" (Mot. for Leave, ECF No. 7) that records will be lost or archived if subpoenas are not issued in

the next 30 days. In this court's experience with litigation under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, issuing early subpoenas to preserve call records has not been requested, and plaintiff cites no case in which such a request was made or granted. In the two cases plaintiff cites, counsel provided evidence in the form of affidavits and exhibits explaining why the possible loss of call records might occur. *See Childress v. DeSilva Auto. Servs., LLC*, 2020 WL 3572909, at *12 (D.N.M. July 1, 2020); *Ambezewicz v. GDFriend, Inc.*, 2018 WL 1258293, at *2 (S.D. Cal. Mar. 12, 2018); (motion to stay); *Levitt v. Fax.com*, 2007 WL 3169078, at *2 (D. Md. May 25, 2007) (motion to decertify class). Plaintiff has been embroiled in TCPA litigation against many of the same defendants for over two years (see Compl. ¶ 5). It is therefore reasonable to expect plaintiff to be able to produce specific evidence substantiating his claim that call records will likely be destroyed or archived in the next 30 days.

Second, courts have recognized that issuing document preservation letters to third parties is a less costly and burdensome alternative to issuing subpoenas. See Fed. R. Civ. P. 26(b)(2)(C)(i); *In re Broiler Chicken Antitrust Litig.*, 2017 WL 1682572, at *6 (N.D. Ill. Apr. 21, 2017). Plaintiff does not explain why document preservation letters would be insufficient here, and one of the cases he cites suggests that they would be an effective alternative. Specifically, the record in *Childress* (cited above) showed that a third-party phone carrier had a policy of preserving call data for 90 days after receiving a document preservation letter. *Childress*, 2020 WL 3572909, at *12. Plaintiff offers no evidence suggesting that the document retention policy in *Childress* is atypical in an industry about which, again, the court has very little knowledge. See Mot. for Leave 1–3.

Because plaintiff has not provided specific evidence that destruction of call records is likely to occur in the next 30 days and because issuing document preservation letters is a less

costly and burdensome alternative on this record, plaintiff's motion for leave to issue document preservation subpoenas (ECF No. 7) is denied.

Dated: December 28, 2020 /s/
Joan B. Gottschall
United States District Judge