IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT HOSSFELD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | Case No. 1:20-cv-7091 |

## ALLSTATE INSURANCE COMPANY'S MOTION TO DISMISS

Defendant Allstate Insurance Company ("Allstate" or "Defendant"), by and through its undersigned attorneys, hereby moves to dismiss Plaintiff's Amended Complaint, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof states as follows:

1. Plaintiff filed his original Complaint on December 1, 2020. (ECF No. 1.)

2. Allstate filed its Motion to Stay on January 22, 2021, in light of the Supreme Court's anticipated ruling on the definition of an automatic telephone dialing system ("ATDS"). (ECF No. 15.)

3. Instead of substantively responding to the Motion to Stay, on February 1, 2021, Plaintiff amended his Complaint "as a matter of course", to remove "any and all references to ATDS." (ECF No. 18.)

4. In doing so, Plaintiff is only left with a claim that he received calls on his cell phone that were made by some *unknown* person purportedly using a "prerecorded or artificial voice" without his consent. (*See* Am. Compl. Count III.)

5. But the Amended Complaint fails to allege facts to suggest Allstate used a "prerecorded or artificial voice." (*Id.*) Instead, Count III relies, entirely, on Plaintiff's allegation that Allstate made calls containing "a prerecorded or artificial beep." This is insufficient and Count III should be dismissed.

6. Counts I and II also fail to state claims upon which relief can be granted.

7. First, Counts I and II are based on alleged violations of 47 C.F.R. § 64.1200(d), which only requires entities to institute certain procedures. 47 C.F.R. § 64.1200(d). The Amended Complaint, however, alleges facts that illustrate the requisite procedures were in place.

8. Second, Counts I and II cannot rely on calls that consisted, entirely, of a "prerecorded or artificial beep" because Plaintiffs cannot plausibly establish that those calls were made for "telemarketing" purposes, as defined under the TCPA.

**III. CONLCUSION**

For all the reasons above, Allstate respectfully requests the Court grant the instant Motion and dismiss the Amended Complaint, in its entirety and with prejudice, under Fed. R. Civ. P. 12(b)(6). The Amended Complaint lacks any factual allegations sufficient to support the use of an "artificial or prerecorded voice" under Count III. Further, Counts I and II should be dismissed because: (1) Plaintiff's allegations concede that the requisite policy was in place; and (2) a number of the calls were not made for telemarketing purposes.

Respectfully submitted,

Dated: February 16, 2021   By: */s/ Rodney Lewis*
Mary Clare Bonaccorsi
Rodney L. Lewis
POLSINELLI PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
Telephone: (312) 819-1900
Facsimile: (312) 819-1910 Fax
rodneylewis@polsinelli.com
mbonaccorsi@polsinelli.com

*Counsel for Defendant
Allstate Insurance Company*

## **CERTIFICATE OF SERVICE**

This is to certify that on February 16, 2021, I served the foregoing with the Clerk of the Court using the CM/ECF System, which will send electronic notification of such filing to all counsel of record.

Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
909 Davis St., Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

                                                                              /s/ Rodney L. Lewis