UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.3
Eastern Division

Robert Hossfeld
                                                Plaintiff,

v.                                                     Case No.: 1:20−cv−07091
                                                          Honorable Joan B. Gottschall

Allstate Insurance Company
                                                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, March 26, 2021:

      MINUTE entry before the Honorable Joan B. Gottschall: Defendant sought a stay of discovery on an expedited basis, and this court ordered (No. [31]) consolidated briefing on the three related motions pending in this suit brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and its implementing regulations, see 47 C.F.R. § 64.1200. Having considered all the briefing and evidence on file, including the memoranda (Nos. [35] and [36]) filed March 22 and 24, 2021, the court issues the following summary rulings because defendant argues that time is of the essence. Plaintiff's motion (No. [29]) for leave to file his proposed second amended complaint is granted. For substantially the reasons given in plaintiff's memorandum filed March 24, 2021, the court determines that the proposed second amended complaint pleads plausible, nonconclusory claims that the calls plaintiff has allegedly received were made for a telemarketing purpose. See generally Ashcroft v. Iqbal, 556 U.S. 662, 678−79 (2009). Furthermore, the court rejects defendant's argument that plaintiff has pleaded himself out of court by admitting that defendant has adopted an internal do not call policy satisfying 47 C.F.R. §; 64.1200(d)(4). The court does not decide whether § 64.1200(d)(4) is an affirmative defense because regardless of whether it is, discovery is required to determine whether it applies here. The regulation lists seven separate requirements for an internal do not call policy, including adequate training and honoring requests not to receive further telemarketing calls. See Bilek v. Nat'l Cong. of Emps., Inc., 470 F. Supp. 3d 857, 862 (N.D. Ill. 2020). Plaintiff has clearly alleged that his requests to stop receiving telemarketing calls are not being honored, and with inferences favorable to plaintiff, the allegations of the first and proposed second amended complaint plausibly suggest, at a minimum, inadequate training, although discovery is obviously required on this subject. Due to the summary nature of this ruling made under considerable time pressure, these issues may be revisited after a suitable period of discovery. Because the second amended complaint will supersede the first and because plaintiff has dropped count III and materially altered the allegations in support of counts I and II, defendant's motion (No. [21]) to dismiss the first amended complaint is denied as moot. Finally, defendant's motion (No. [27]) to stay discovery pending a ruling on the sufficiency of plaintiff's complaint is denied because the court has effectively ruled on that question by allowing plaintiff to file his second amended complaint. See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 524 (7th Cir. 2015). Mailed notice(mjc, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.