IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT HOSSFELD, individually and on behalf of a class of all persons and entities similarly situated, | ) ) ) | Case No. 1:20-cv-07091 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| ALLSTATE INSURANCE COMPANY, | ) | Hon. Judge Joan B. Gottschall |
| Defendant. | ) | Hon. Mag. Judge Sunil R. Harjani |

**OPPOSED**
**PLAINTIFF'S MOTION TO COMPEL**
<u>**INTERNAL DO-NOT-CALL LIST**</u>

Plaintiff Hossfeld respectfully requests that the Court direct Defendant Allstate Insurance Company ("Allstate") to produce its internal do-not-call list. In support, Plaintiff states:

1. This case challenges Allstate's refusal to stop telemarketing to consumers like Plaintiff who have requested that calls cease, under the Telephone Consumer Protection Act's "internal do-not-call" rules. 47 C.F.R. § 64.1200(d) ("IDNC"). *See* Second Amended Complaint, Dkt. 40 ("SAC"). These rules are also sometimes referred to as the "company-specific" do-not-call rules.

2. Allstate's policy permits agents and their vendors to make telemarketing calls to persons who have previously asked not to receive such, as long as the caller believes it has "prior express consent" to make the calls. <u>Exhibit A</u> ¶ 1 (policy); <u>Exhibit B</u>, Lim Dep. at 34-35.

3. This case challenges Allstate's IDNC policy on the ground that the TCPA does not permit *any* telemarketing calls to phone numbers that have been placed on its internal do-not-call list for a period of five years. In other words, Plaintiff contends that there is no "consent" defense to violations of the TCPA's IDNC rules. *Hand v. Beach Entertainment KC, LLC*, 456

F.Supp.3d 1099, 1126 (W.D.Mo. 2020) (entering summary judgment for Plaintiff and certifying a class as to IDNC claims, holding that there is no Existing Business Relationship (i.e., consent) defense for those claims).

    4.    Plaintiff also challenges Allstate's procedures for coordinating internal do-not-call lists among Allstate and its vendors and subvendors as cumbersome and inadequate under the TCPA, because the practical result of those procedures is that internal do-not-call lists are not coordinated. *See United States v. Dish Network LLC*, 954 F.3d 970, 975 (7th Cir. 2020) (holding that the Telemarketing Sales Rule, which has been synchronized with the TCPA, requires coordination of IDNC lists, "otherwise any household could receive endless calls peddling DISH's service, as long as each came from a different [vendor]").

    5.    Although the TCPA, 47 C.F.R. § 64.1200(d), prohibits <u>any</u> telemarketing, whatsoever, unless there are sufficient policies and practices in place to effectively restrict telemarketing calls to folks who have asked not to be called, the Eleventh Circuit has determined that the only persons who have standing to sue are those who previously requested not to be called. *Cordoba v. DirecTV, LLC*, 942 F.3d 1259, 1271-72 (11th Cir 2019). And while Plaintiff does not necessarily agree with *Cordoba*, it is prudent to determine through discovery which calls were made to phone numbers that were on Allstate's internal do-not-call list, in case the Court follows *Cordoba* on this point.

    6.    Plaintiff thus issued Production Request No. 9, reproduced along with Allstate's response below:

> 9.    Produce your internal Do Not Call list, and all data associated therewith (e.g. dates numbers were added, by whom, etc.)
>
> RESPONSE: Allstate objects to this Request as overbroad, unduly burdensome, and seeking information that is irrelevant to any party's claim or defense in that it seeks Allstate's entire Do No Call list, when this lawsuit

> only (allegedly) involves a portion of the numbers on that list. Allstate further objects to this Request to the extent it seeks confidential and proprietary information.

Exhibit C p. 18. Plaintiff plans to use Allstate's IDNC list to scrub call records produced by Allstate and third parties in this litigation, to determine which vendor phone calls were made to persons that were on Allstate's IDNC list at the time of the calls. For example, Allstate subvendor Transfer Kings Call Center ("Transfer Kings"), located in the Dominican Republic, has produced several thousand records so far, as part of a yet-to-be-completed production. And while scrubbing those phone numbers will result in an incomplete list because Allstate's IDNC list has not been sufficiently coordinated with all of the persons telemarketing on its behalf, doing so is a material start to the process.

7. Plaintiff will also compare Allstate's IDNC list with the IDNC list that Transfer Kings Call Center produced, in order to prove that the two are materially incongruent. Plaintiff also plans to ask Allstate which of the phone numbers on Transfer Kings' IDNC list it (or its other telemarketers) called; again to demonstrate the material incongruency, and to evidence how households, in fact, received seemingly endless Allstate telemarketing calls as a result of Allstate's improper policy.

8. The parties have met and conferred as to these issues both by email and telephone. During a meet and confer call on August 4, 2021, between Alexander H. Burke and Daniel J. Marovitch for Plaintiff, and Rodney C. Lewis and Robert V. Spake for Defendant, both parties agreed that they were "at issue" on this point, and that a motion would be necessary to determine whether the list would be produced.

WHEREFORE, Plaintiff respectfully requests that the Court compel Allstate to produce its internal do-not-call list.

Dated: August 10, 2021                     Respectfully submitted,

                                           ROBERT HOSSFELD, individually and on behalf of others similarly situated

                                           By: /s/ Alexander H. Burke

Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
909 Davis St., Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

*Counsel for Plaintiff*

## FED. R. CIV. P. 37(A)(1)/L.R. 37.2 STATEMENT

The undersigned certifies that Plaintiff, through counsel, has in good faith conferred with Defendant in an effort to obtain the discovery requested herein without court action, but that such attempts were unsuccessful, including through a meet-and-confer telephone call between myself and co-counsel Daniel J. Marovitch, and Defendant's counsel Rodney L. Lewis and Robert V. Spake, on August 4, 2021.

                                              /s/ Alexander H. Burke

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2021, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                              /s/ Alexander H. Burke

4