**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT HOSSFELD, individually and on behalf of a class of all persons and entities similarly situated, | ) ) ) | Case No. 1:20-cv-7091 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ALLSTATE INSURANCE COMPANY'S
RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY**

Defendant Allstate Insurance Company ("Allstate" or "Defendant"), pursuant to Fed. R. Civ. P. 26, 33, 34, and 36, hereby submits its responses and objections to Plaintiff's first set of interrogatories, requests for production, and requests for admission (the "Requests")

**GENERAL OBJECTIONS**

1.      In responding to the Requests, Allstate states that it has conducted, and continues to conduct, a diligent search, reasonable in scope, of those files in its possession, custody, or control that it believes most likely contain information responsive to the Requests. Allstate has not, however, undertaken to search or review each and every file and record in its possession, custody, or control, because to do so would be unduly burdensome and expensive. Allstate objects to these Requests to the extent they call for the production of electronically stored information that is not reasonably accessible without the imposition of undue burden and expense. To the extent the Requests require Allstate to do more than the foregoing or seek information beyond what is available after a reasonable search of Allstate's files likely to contain relevant or responsive information, Allstate objects.

2.      Allstate specifically objects to Instruction No. 6, which seeks to unilaterally impose a "Document Production Protocol." Allstate states that it will produce responsive, non-objectionable, and non-privileged documents and ESI after the parties have agreed to a Stipulated Protective Order and ESI Protocol and offers to meet and confer with Plaintiff concerning such Stipulated Protective Order and ESI Protocol.

3.      Allstate specifically objects to Definition B, which defines "you" to include individuals and entities beyond Allstate's custody and control.

4.      Allstate specifically objects to Instruction No. 1, which is overbroad and unduly burdensome in that it defines the "time period covered by" the Requests as "January 1, 2015, to present" when the allegations in the Second Amended Class Action Complaint ("Complaint") only pertain to calls allegedly made beginning in November of 2020.

5.      Allstate objects to the Requests to the extent the instructions and demands therein impose requirements in addition to, beyond, or different from those set forth in the Federal Rules of Civil Procedure.

6.      Allstate objects to the Requests to the extent they call for disclosure of information that is not relevant to any cause of action or defense of any party in this action or proportional to the needs of this case, in contravention of Rule 26(b)(1). Allstate submits these Responses without conceding the relevance or materiality of the subject matter of any Interrogatory.

7.      Allstate objects to the Requests to the extent they call for production of information protected from disclosure by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other legally-cognizable privilege, protection, or immunity. Allstate hereby claims such privileges, immunities, and protections to the extent implicated by the Requests. Allstate will exclude privileged and protected materials when responding to the

2

Requests. Nothing contained in Allstate's responses or production of information is intended to be, or in any way shall be deemed to be, a waiver of any such applicable privilege, immunity, or protection. Any disclosure of such protected or privileged information is inadvertent and is not intended to waive those privileges, immunities, or protections or any other ground for objection to discovery or use of any such document.

8.      Allstate objects to the Requests to the extent they seek private, confidential, proprietary, or other similarly protected confidential materials. Allstate reserves all of its rights and applicable objections with respect to its private, confidential, proprietary, or other similarly protected confidential materials.

9.      Allstate objects to the Requests to the extent they assume disputed facts or legal conclusions in defining the information requested. Allstate hereby denies disputed facts or legal conclusions to the extent assumed by any Request. Any answer or objection, including any production of information, by Allstate is without prejudice to this objection.

10.     Allstate objects to the Requests to the extent they call for production of information for which Allstate owes a third party an obligation of confidentiality or privacy, whether contractual or under any federal or state laws or regulations.

11.     Allstate objects to the Requests to the extent they seek information that is already in the possession, custody or control of Plaintiff or is otherwise available to Plaintiff from another source that is more convenient, less burdensome, and/or less expensive, including to the extent the Requests call upon Allstate to produce information that is publicly available.

12.     Allstate objects to the Requests to the extent they are unreasonably cumulative and/or duplicative. Allstate further objects to the Requests to the extent they are vague, ambiguous, overly broad, unduly burdensome, or oppressive. Allstate also objects to these Requests to the

extent they request information beyond, and exceed, the permissible scope of discovery imposed by the Federal Rules of Civil Procedure.

13.     Allstate states that whenever Allstate agrees to produce information, it may elect, pursuant to Federal Rule of Civil Procedure 33(d), to produce documents providing such information in lieu of answering the Interrogatory. Allstate further states that whenever Allstate agrees to produce documents in response to an Interrogatory, such a response does not constitute a representation that responsive documents exist but only that responsive documents will be produced if they exist and can be located with a reasonable and diligent search.

14.     Allstate states that no incidental or implied admissions are intended by these Responses and no such implications should be made. Allstate's Responses and/or the production of any document in response to the Requests are not intended as, and shall not be deemed to be, an admission or concession of the relevance or admissibility of the information sought by any Interrogatory, and are not intended to and shall not waive or prejudice any objection Allstate may assert now or in the future, including, without limitation, objections to the admissibility of any answer or document, or category of responses or documents, at the trial of this or any other action.

15.     Allstate states that any answer set forth below is based on Allstate's interpretation of the language used in the Requests. Allstate reserves the right to supplement or amend its responses in the event Plaintiffs asserts an interpretation that differs from Allstate's interpretation.

16.     Allstate states that by asserting these responses, general objections, and specific objections, Allstate does not waive, but on the contrary, reserves: (i) all questions as to competency, relevance, materiality, privilege, and admissibility as evidence for any purposes of any of the information produced hereunder or the subject matter thereof; (ii) the right to object on any ground to the use of the information produced hereunder or the subject matter thereof at any

trial or hearing in this matter or in any related or subsequent action or proceeding; (iii) the right to object on any ground to a demand for further answer or document production; and (iv) the right to seek further relief from the Court.

## **INTERROGATORIES**

1.      Explain in detail what (if anything) Allstate has done in the past four years to prevent future telemarketing calls from being made on its behalf to ███████ [Phone Number1] and/or ██████ [Phone Number2].

**ANSWER:**    Allstate objects to this Interrogatory to the extent it requests information protected by the work product doctrine and the attorney client privilege. Allstate also objects to this Interrogatory to the extent it requests confidential or proprietary information. Allstate further objects to this Interrogatory as overbroad and unduly burdensome in that it seeks information over "the past four years" when the allegations in the Complaint only pertain to calls allegedly made beginning in November of 2020. Allstate further objects to this Interrogatory to the extent the phrase "calls made on its behalf" is vague and ambiguous and assumes facts not in evidence because Allstate did not make the calls at issue in the Complaint nor did Allstate engage any third party vendor to make calls on its behalf. Allstate agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes.

Subject to, and without waiving its foregoing objections, Allstate further states that it took the following efforts to prevent telemarketing calls to any numbers on its internal do not call list ("DNC"), including ███████ [Phone Number1] and/or ███████ [Phone Number2]:

- Allstate has continued to maintain its internal Do Not Call / Unsolicited Fax Policy;
- Allstate added the telephone numbers ███████ [Phone Number1] and ███████ [Phone Number2] to Allstate's DNC List in July of 2020;[1]

---

[1] "Allstate's DNC List" includes its internal DNC list and the federal and states' DNC lists.

- Allstate provides its agents with access to Allstate's DNC List, and contractually requires its agents to comply with Allstate's policies and all applicable laws and regulations; and

- Since 2004, Allstate continues to require all of its new agents to attend a Contact Compliance Course covering Allstate's DNC policy.

2.      Identify the date, time, who performed the scrub and all other details you have, for any circumstance when Phone Number1 and/or Phone Number2 was scrubbed to determine whether it was on Allstate's internal Do Not Call list in 2020 or 2021.

**ANSWER:**    Allstate objects to this Interrogatory to the extent it requests information protected by the work product doctrine and the attorney client privilege. Allstate also objects to this Interrogatory as vague and ambiguous in that it uses the terms "scrub" and "scrubbed," which are undefined. Allstate further objects to this Interrogatory as overly broad and unduly burdensome in that it seeks "all other details . . . for any circumstance." Allstate further objects to this Interrogatory to the extent it seeks information under the possession, custody or control of third parties.  Allstate further objects to this Interrogatory to the extent it assumes facts not in evidence because prior express written consent allows telemarketing calls to be made to a consumer who is on an internal DNC list.  Further answering, Allstate states that it did not make the calls at issue in the Complaint nor did Allstate engage any third party vendor to make calls on its behalf. Allstate agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes.

Subject to, and without waiving its foregoing objections, Allstate further states that it is aware Phone Number1 was scrubbed on the following dates: (1) 1/19/2021; (2) 1/22/2021; (3) 2/5/2021; and (4) 2/7/2021.  Allstate also states it is aware that Phone Number2 was scrubbed on

7

1/14/2021. Allstate does not have access to records of the instances when a number was manually scrubbed by agents.

     3.     Identify any and all insurance agents or third parties believed to have been involved in any telemarketing call to ▉Phone Number1▉, and/or ▉Phone Number2▉.

**ANSWER:**    Allstate objects to this Interrogatory to the extent it requires Allstate to speculate. In particular, this Interrogatory seeks a list of agents or third parties "believed to have been involved" in telemarketing. Allstate objects to this Interrogatory as overbroad and unduly burdensome in that it seeks information since January 1, 2015 when the allegations in the Complaint only pertain to calls allegedly made beginning in November of 2020, and the statute of limitations for TCPA claims is four years. Allstate further objects to this Interrogatory to the extent it requests information outside of Allstate's possession, custody and control. Allstate also objects to this Interrogatory as overly broad and unduly burdensome in that it seeks identification of "any and all" insurance agents or third parties. Allstate further objects to this Interrogatory as seeking legal conclusions as to what calls constitute "telemarketing." Allstate further objects to this request as it seeks information within the possession of third-parties outside of Allstate's control and is more reasonably obtainable through Plaintiff's outstanding discovery of those third parties.

Subject to, and without waiving its foregoing objections, Allstate further states that it believes the following persons or entities, third-parties to this litigation and who are outside Allstate's control, were involved with placing the calls alleged in the Complaint:

- Jason Fleming;

- Texans Community Financial, LLC;

- Daniel Gilmond;

- Transfer Kings Call Center; and

77793897.1

- Upon information and belief, other yet unknown third-parties or websites through which Plaintiff provided his contact information under the auspice of seeking to obtain a quote for insurance.

Allstate further states that its investigation is ongoing and expressly reserves its right to supplement its responses to this Interrogatory.

4. Identify all outbound, inbound and transferred calls to/from Phone Number1, and/or Phone Number2, to/from Allstate or any Allstate insurance agents in 2020-2021.

**ANSWER:** Allstate objects to this Interrogatory to the extent it requests information outside Allstate's possession, custody and control. Allstate further objects to this Interrogatory to the extent it calls for speculation as to calls received by or made from third parties. Allstate further objects to this request as it assumes facts not in evidence and states that Allstate did not make the call at issue, nor did Allstate engage any third party vendor to make calls on its behalf. Allstate agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes. Subject to, and without waiving its foregoing objections, Allstate, pursuant to Federal Rule of Civil Procedure 33(d), directs Plaintiff to the calls identified in documents produced by any party or non-party in this matter, not objected to by Allstate, which Plaintiff can determine by examining, auditing, compiling, abstracting, and/or summarizing such documents; the burden of deriving or ascertaining the identity of such individuals and/or entities is substantially the same for either party.

5. Identify any systems used to ensure that neither Allstate agents nor their vendors do not call telephone numbers that are on its internal do not call list.

**ANSWER:** Allstate objects to this Interrogatory to the extent it requests information protected by the work product doctrine and the attorney client privilege. Allstate objects to this

Interrogatory as overbroad and unduly burdensome in that it seeks information since January 1, 2015 when the allegations in the Second Amended Class Action Complaint only pertain to calls allegedly made beginning in November of 2020 and the statute of limitations on TCPA claims is four years. Allstate also objects to this Interrogatory to the extent it requests confidential or proprietary information. Allstate further objects to this Interrogatory to the extent it calls for speculation as to systems used by third parties and to the extent it seeks information outside Allstate's possession, custody, or control. Allstate further objects to this request as it assumes facts not in evidence and states that Allstate did not make the call at issue, Allstate agents are independent contractors, and Allstate does not have control over such agents' marketing processes.

Subject to, and without waiving its foregoing objections, Allstate further states that it has implemented the following "systems" to prevent telemarketing calls to any numbers on its internal DNC list:

- Allstate's Do Not Call / Unsolicited Fax Policy;
- Allstate provides its agents access to the Allstate DNC list, and contractually requires its agents to comply with Allstate's policies and all applicable laws and regulations; and
- Since 2004, Allstate requires its new agents to attend a Contact Compliance Course, covering Allstate's DNC policy.

6.    Identify all departments and persons at Allstate whose job responsibilities include helping ensure that neither Allstate agents nor their vendors do not call telephone numbers that are on its internal do not call list.

77793897.1

7.  **ANSWER:** Allstate objects to this Interrogatory as vague and ambiguous in that it uses the phrase "helping ensure," which is undefined. Allstate also objects to this Interrogatory as overly broad and unduly burdensome in that it: (i) seeks information since January 1, 2015 when the allegations in the Complaint only pertain to calls allegedly made beginning in November of 2020, and the statute of limitations for TCPA claims is four years; and (ii) seeks identification of "all departments and persons." Allstate further objects to this request as it assumes facts not in evidence and states that Allstate did not make the call at issue, nor did Allstate engage any third party vendors to make calls on its behalf. Allstate agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes.

8.  Identify and explain all policies, practices, and procedures that bear upon "prior express consent" to call phone numbers that consumers have requested not to receive calls on.

**ANSWER:** Allstate objects to this Interrogatory to the extent it seeks Allstate's "explanation" of its policies, practices, and procedures as these documents speak for themselves. Allstate objects to this Interrogatory as overbroad and unduly burdensome in that it seeks information since January 1, 2015 when the allegations in the Complaint only pertain to calls allegedly made beginning in November of 2020, and the statute of limitations for TCPA claims is four years. Allstate further objects to this Interrogatory as seeking legal conclusions as to what policies, practices, and procedures bear upon "prior express consent." Allstate also objects to this Interrogatory as vague and ambiguous in its use of the undefined terms "prior express consent" and "bear upon." Allstate further objects to this Interrogatory to the extent it requests: (i) information protected by the work product doctrine and the attorney client privilege; and (ii) confidential or proprietary information. Allstate further objects to this request as it assumes facts

11

not in evidence and states that Allstate did not make the calls at issue in the Complaint, nor did Allstate engage any third parties to make calls on its behalf. Allstate agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes. Subject to, and without waiving its foregoing objections, Allstate directs Plaintiff to Allstate's Answers to Interrogatory Nos. 1 and 5.

9.      Identify (by name, job titles over the past four years, work address, and telephone number) each person answering or assisting in the preparation of answers to these discovery requests.

**ANSWER:**    Allstate objects to this Interrogatory to the extent it requests information protected by the work product doctrine and the attorney client privilege**.** Subject to, and without waiving its foregoing objection, Allstate states that its in-house counsel and personnel acting at the direction of in-house counsel assisted outside counsel in preparing answers to Plaintiff's discovery requests. Such counsel and personnel may be reached through counsel of record.

10.      Identify any system or database of any kind you or your insurance agents (or both) use to keep track of prospective business.

**ANSWER:**    Allstate objects to this Interrogatory to the extent it requests information outside Allstate's possession, custody and control. Allstate further objects to this request as it assumes facts not in evidence and states that Allstate did not make the call at issue, nor did Allstate engage any third party vendor to make calls on its behalf. Allstate agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes. Allstate further objects to this Interrogatory to the extent it calls for speculation as to systems or databases used by third parties. Allstate also objects to this Interrogatory as vague and ambiguous as it is unclear what Plaintiff means when he refers to

systems used "to keep track of prospective business." Allstate further objects to this Interrogatory to the extent it requests confidential or proprietary information and information that is not relevant to any party's claims or defenses.

10.     With respect to each expert, retained or nonretained, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

**ANSWER:**     Allstate objects to this Interrogatory to the extent it seeks information beyond that required by Fed. R. Civ. P. 26.  Allstate further states it has not yet identified or retained any expert witnesses for testimony at trial. This interrogatory will be supplemented in accordance with the Court's scheduling order and as may be required by the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Please produce all documents, records, data, recordings and other materials relating to Plaintiff or Phone Number1, and/or Phone Number2, or which are indexed, filed, or retrievable under them or any associated number, symbol, designation or code (such as an account number or Social Security number).

**RESPONSE:** Allstate objects to this Request to the extent it purports to call for production of "all" documents "relating to" Plaintiff under circumstances in which a subset of "all" documents would be sufficient to provide Plaintiff with the information to which he is entitled. Allstate objects to this Request as overbroad and unduly burdensome in that it seeks information since January 1, 2015 when the allegations in the Complaint only pertain to calls allegedly made beginning in November of 2020, and the statute of limitations for TCPA claims is four years. Allstate also objects to this Request to the extent it requires Allstate to search using Plaintiff's Social Security number, which Allstate does not have. Allstate further objects to this Request to the extent it requests: (i) information protected by the work product doctrine and the attorney client privilege; or (ii) confidential and proprietary information. Allstate further objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control.

Subject to and without waiving these objections, and pursuant to a Stipulated Protective Order and an agreed upon ESI discovery plan, Allstate will produce (to the extent they exist) responsive, non-objectionable and non-privileged documents and ESI located after a reasonable search.

2.      Produce all documents concerning any lead generator(s) associated with the calls alleged in the complaint, with regard to marketing by telephone.

14

**RESPONSE:** Allstate objects to this Request to the extent it purports to call for production of "all" documents under circumstances in which a subset of "all" documents would be sufficient to provide Plaintiff with the information to which he is entitled. Allstate also objects to this Request as overbroad and unduly burdensome in that it seeks "all documents" "concerning" or "related to" broad topics. Allstate also objects to this Request to the extent it seeks documentation outside its possession, custody and control. Allstate further objects to this Request to the extent it requires Allstate to speculate. Allstate further objects to this request as it assumes facts not in evidence and states that Allstate did not make the call at issue, nor did Allstate engage any third party vendors to make calls on its behalf. Allstate agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes.

3.    Produce the inbound call records from any lead generator(s) associated with the calls alleged in the complaint, to any agent who received transfers from those entities.

**RESPONSE:** Allstate objects to this Request as it seeks documentation outside its possession, custody, or control. Allstate further objects to this request as it assumes facts not in evidence and states that Allstate did not make the call at issue, nor did Allstate engage any third party vendors to make calls on its behalf. Allstate agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes.

4.    Produce all documents, including emails, instant messages, policy manuals and memoranda of any kind, that pertain to an internal do not call list or policy for telemarketing.

**RESPONSE:** Allstate objects to this Request to the extent it purports to call for production of "all" documents under circumstances in which a subset of "all" documents would be sufficient to provide Plaintiff with the information to which he is entitled. Allstate also objects to this Request as overbroad and unduly burdensome in that it seeks "all documents" regarding a broad

subject matter since January 1, 2015 when the allegations in the Complaint only pertain to calls allegedly made beginning in November of 2020, and the statute of limitations for TCPA claims is four years. Allstate further objects to this Request to the extent it requests: (i) information protected by the work product doctrine and the attorney client privilege; or (ii) confidential and proprietary information. Allstate further objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control.

Subject to and without waiving these objections, and pursuant to a Stipulated Protective Order and an agreed upon ESI discovery plan, Allstate will produce (to the extent they exist) responsive, non-objectionable and non-privileged documents and ESI located after a reasonable search.

5.      Produce all documents, including emails, instant messages, policy manuals and memoranda of any kind, that pertain to caller ID and/or spoofing during telemarketing calls.

**RESPONSE:** Allstate objects to this Request to the extent it purports to call for production of "all" documents under circumstances in which a subset of "all" documents would be sufficient to provide Plaintiff with the information to which he is entitled. Allstate also objects to this Request as overbroad and unduly burdensome in that it seeks "all documents" "of any kind" regarding a broad subject matter since January 1, 2015 when the allegations in the Complaint only pertain to calls allegedly made beginning in November of 2020, and the statute of limitations for TCPA claims is four years. Allstate further objects to this Request to the extent it requests: (i) information protected by the work product doctrine and the attorney client privilege; or (ii) confidential and proprietary information. Allstate further objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control.

16

Subject to and without waiving these objections, and pursuant to a Stipulated Protective Order and an agreed upon ESI discovery plan, Allstate will produce (to the extent they exist) responsive, non-objectionable and non-privileged documents and ESI located after a reasonable search.

6. Produce all documents that concern telemarketing, and that also involve any Allstate agent or agency that handled any phone call to or from Plaintiff in 2020-2021, as alleged in the complaint.

**RESPONSE:** Allstate objects to this Request to the extent it purports to call for production of "all" documents under circumstances in which a subset of "all" documents would be sufficient to provide Plaintiff with the information to which he is entitled. Allstate also objects to this Request as overbroad and unduly burdensome in that it seeks "all documents" regarding a broad subject matter since January 1, 2015 when the allegations in the Complaint only pertain to calls allegedly made beginning in November of 2020, and the statute of limitations for TCPA claims is four years. Allstate further objects to this Request to the extent it requests: (i) information protected by the work product doctrine and the attorney client privilege; or (ii) confidential and proprietary information. Allstate also objects to this Request as vague and ambiguous in its use of the term "concern," which is undefined. Allstate further objects to this request as it assumes facts not in evidence and states that Allstate did not make the call at issue, nor did Allstate engage any third party vendors to make calls on its behalf. Allstate agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes.

7. Produce any contract or agreement with any Allstate agent or agency that handled any phone call to or from Plaintiff in 2020-2021, as alleged in the complaint.

77793897.1

**RESPONSE:** Allstate objects to this Request as vague and ambiguous to the extent it seeks information tied to "any phone call to or from Plaintiff in 2020-2021" as Allstate is unaware of how many phone numbers Plaintiff claims to possess, or how many aliases Plaintiff uses. Allstate further objects to this request as overbroad, unduly burdensome, and seeking information that is irrelevant to any party's claim or defense.

Subject to and without waiving general objections, and pursuant to a Stipulated Protective Order and an agreed upon ESI discovery plan, Allstate will produce (to the extent they exist) responsive, non-objectionable and non-privileged documents and ESI located after a reasonable search.

8.   Produce all documents concerning any policy changes, discipline or other changes at Allstate, arising from *Hossfeld v. Allstate Insurance Company*, 1:19-cv-3492 (N.D.Ill.).

**RESPONSE:** Allstate objects to this Request to the extent it requests: (i) information protected by the work product doctrine and the attorney client privilege; or (ii) confidential and proprietary information. Allstate further objects to this Request to the extent it seeks documentation regarding subsequent remedial measures, which are not discoverable.

9.   Produce your internal Do Not Call list, and all data associated therewith (e.g. dates numbers were added, by whom, etc.)

**RESPONSE:** Allstate objects to this Request as overbroad, unduly burdensome, and seeking information that is irrelevant to any party's claim or defense in that it seeks Allstate's entire Do No Call list, when this lawsuit only (allegedly) involves a portion of the numbers on that list.  Allstate further objects to this Request to the extent it seeks confidential and proprietary information.

77793897.1

10.     Produce any and all logs of internal Do Not Call scrubbing activity, concerning Plaintiff or any putative class member.

**RESPONSE:** Allstate objects to this Request as vague and ambiguous in its use of the term "scrubbing activity," as that term is both undefined and unclear. Allstate also objects to this Request as overbroad, unduly burdensome, and seeking information that is irrelevant to any party's claim or defense in that it seeks activity related to Allstate's entire Do No Call list, when this lawsuit only (allegedly) involves a portion of the numbers on that list. Allstate further objects to this Request to the extent it requires Allstate to speculate regarding the identities of "any putative class member[s]."

11.     Please produce any keys, data dictionaries, or other explanatory materials as to any document data that includes information concerning outbound marketing communications or indicia of consent (or lack of consent), as well as any other documents that may assist one in understanding any data, codes, columns, field names or other abbreviated matter produced in this action.

**RESPONSE:** Allstate objects to this Request as vague and ambiguous as it is unclear what types of documentation Plaintiff seeks.

12.     Please produce all documents relating to efforts to comply with the TCPA's Internal Do Not Call rules.

**RESPONSE:** Allstate objects to this Request to the extent it purports to call for production of "all" documents "relating to" a broad subject matter under circumstances in which a subset of "all" documents would be sufficient to provide Plaintiff with the information to which he is entitled. Allstate objects to this Request as overbroad and unduly burdensome in that it seeks information since January 1, 2015 when the allegations in the Complaint only pertain to calls

allegedly made beginning in November of 2020, and the statute of limitations for TCPA claims is four years. Allstate further objects to this Request to the extent it requests: (i) information protected by the work product doctrine and the attorney client privilege; or (ii) confidential and proprietary information. Allstate further objects to this Request to the extent it seeks a legal conclusion. Allstate further objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control.

Subject to and without waiving these objections, and pursuant to a Stipulated Protective Order and an agreed upon ESI discovery plan, Allstate will produce (to the extent they exist) responsive, non-objectionable and non-privileged documents and ESI located after a reasonable search.

13.     Please produce all deposition transcripts, declarations, interrogatory responses, and any other sworn or unsworn materials relating to the Internal Do Not Call provisions of the TCPA.

**RESPONSE:** Allstate objects to this Request as overbroad, unduly burdensome, and seeking information that is irrelevant to any party's claim or defense in that it seeks Allstate's "all . . . sworn or unsworn materials" relating to Allstate's "Internal Do Not Call provisions." Allstate objects to this Request as overbroad and unduly burdensome in that it seeks information since January 1, 2015 when the allegations in the Complaint only pertain to calls allegedly made beginning in November of 2020, and the statute of limitations for TCPA claims is four years. Allstate also objects to this Request to the extent it requests: (i) information protected by the work product doctrine and the attorney client privilege; or (ii) confidential and proprietary information.

14.     Produce all contracts or agreements with any insurance agent and/or agency, involved with any call alleged in the Amended Complaint, Dkt. 17.

**RESPONSE:** Allstate objects to this Request as overbroad and unduly burdensome in that it seeks information since January 1, 2015 when the allegations in the Complaint only pertain to calls allegedly made beginning in November of 2020, and the statute of limitations for TCPA claims is four years. Allstate further objects to this request as overbroad, unduly burdensome, and seeking information that is irrelevant to any party's claim or defense.

Subject to and without waiving general objections, and pursuant to a Stipulated Protective Order and an agreed upon ESI discovery plan, Allstate will produce (to the extent they exist) responsive, non-objectionable and non-privileged documents and ESI located after a reasonable search.

15.     Produce all documents concerning investigations, audits or testing pertaining to TCPA compliance, with regard to the internal Do Not Call regulations, including but not limited to the requirement that callers identify themselves.

**RESPONSE:** Allstate objects to this Request to the extent it requests: (i) information protected by the work product doctrine and the attorney client privilege; or (ii) confidential and proprietary information. Allstate further objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control.  Allstate further objects to this request as overbroad, unduly burdensome, and seeking information that is irrelevant to any party's claim or defense in that it seeks "all documents" concerning any "investigation, audit or testing" without limitation to the entity or entit(ies) involved in the calls alleged in the Complaint.

16.     Produce all documents concerning any investigation, audit, allegation, disciplinary action or complaint, concerning caller ID spoofing.

**RESPONSE:** Allstate objects to this Request to the extent it requests: (i) information protected by the work product doctrine and the attorney client privilege; or (ii) confidential and

proprietary information. Allstate objects to this Request to the extent it purports to call for production of "all" documents "concerning" a broad subject matter under circumstances in which a subset of "all" documents would be sufficient to provide Plaintiff with the information to which he is entitled. Allstate further objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control. Allstate further objects to this request as overbroad, unduly burdensome, and seeking information that is irrelevant to any party's claim or defense in that it seeks "all documents" concerning any "investigation, audit or testing" without limitation to the entity or entit(ies) involved in the calls alleged in the Complaint.

17.     Produce all documents and communications of any kind concerning any of the following Logan Bailey-related entities or persons, or demographic information:

a.  Logan Bailey

b.  logan.lmedia@gmail.com

c.  logan@loganbailey.com

d.  5616 Preston Oaks Rd., #1507, Dallas, TX 75254

e.  858-869-1556

f.  214-552-1055

g.  AUX Media

h.  FWRD Marketing LLC,

i.  L.Novum LLC,

j.  Leads Infinity LLC,

k.  Traffic Tilt LLC,

l.  Initium Media, LLC,

m.  Retrospect Shop LLC,

n.  Perspectiv Brand LLC,

o.  Mastrplan Media, LLC,

p.  Digital Marketing Agency,

q.  Ding Marketing,

r.  Hunter and Logan, LLC,

s.  Bounty Marketing,

t.  Matrix Ads,

u.  3rd Eye Media,

v.  Revenue Flame,

w.  Logan@loganbailey.com

x.  Robert Covey

y.  Covey Leads

z.  robert@best-auto-quotes-today.com

aa.  323-250-0674

bb.  Simel Platou

cc.  splatou@gmail.com

dd.  simen@crushingads.com

ee.  +62 877 81732250

ff.  Crushing Ads

**RESPONSE:** Allstate objects to this Request to the extent it requests: (i) information protected by the work product doctrine and the attorney client privilege; or (ii) confidential and proprietary information. Allstate objects to this Request as overbroad and unduly burdensome in that it seeks information since January 1, 2015 when the allegations in the Complaint only pertain to calls allegedly made beginning in November of 2020, and the statute of limitations for TCPA claims is four years. Allstate further objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control. Allstate further objects to this request as

77793897.1

overbroad, unduly burdensome, and seeking information that is irrelevant to any party's claim or defense.

18.    Please produce all documents supporting, relating to or refuting any affirmative defense raised in this action.

**RESPONSE:** Allstate objects to this Request to the extent it purports to call for production of "all" documents "relating to" a broad subject matter under circumstances in which a subset of "all" documents would be sufficient to provide Plaintiff with the information to which he is entitled. Allstate further objects to this Request to the extent it requests: (i) information protected by the work product doctrine and the attorney client privilege; or (ii) confidential and proprietary information.

Subject to and without waiving these objections, and pursuant to a Stipulated Protective Order and an agreed upon ESI discovery plan, Allstate will produce (to the extent they exist) responsive, non-objectionable and non-privileged documents and ESI located after a reasonable search.

19.    Produce any documents supporting, relating to or refuting that you had consent or permission to call Plaintiff, or any person in any of the putative classes.

**RESPONSE:** Allstate objects to this Request to the extent it requests: (i) information protected by the work product doctrine and the attorney client privilege; or (ii) confidential and proprietary information. Allstate also objects to this Request to the extent it seeks a legal conclusion.  Allstate further objects to this Request to the extent it requires Allstate to speculate regarding the identities of "any person in any of the putative classes." Allstate further objects to this request as it assumes facts not in evidence and states that Allstate did not make the call at issue, nor did Allstate engage any third party vendors to make calls on its behalf.  Allstate agents

are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes.

20.     Please produce all documents and data underlying or referred to in any affidavit or declaration submitted in this case.

**RESPONSE:** Allstate states that it will produce (to the extent they exist) any non-privileged documents responsive to this Request.

21.     Please produce all non-privileged documents or data reviewed or relied on in drafting any discovery response, or referred to in your Fed. R. Civ. P. 26 disclosures in this action.

**RESPONSE:** Allstate states that it will produce (to the extent they exist) any non-privileged documents responsive to this Request.

22.     Please produce all communications and documents relating to complaints of any kind (e.g., consumer, regulatory, pre-litigation, litigation), concerning outbound telephone communications to persons who allegedly did not want or consent to receive such calls, and any associated investigation or action taken by you (or others on your behalf) with regard to such.

**RESPONSE:** Allstate objects to this Request as overbroad and unduly burdensome, and because it seeks information that is irrelevant to any party's claim or defense in that it seeks all communications and documents related to any complaints regarding unwanted calls, when this lawsuit only (allegedly) involves a portion of such calls. Allstate further objects to this Request to the extent it requests: (i) information protected by the work product doctrine and the attorney client privilege; or (ii) confidential and proprietary information. Allstate also objects to this Request to the extent it seeks information that is disproportional to the needs of this case. Allstate further objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control.

23.     Please produce all financial statements, audited and unaudited, applications for credit and all other forms of documentation of your financial well-being, since 2015. You may omit a response to this request if you state in your response that you do not contend that damages in this case are unconstitutional, annihilating or otherwise too high.

**RESPONSE:** Allstate objects to this Request to the extent it is premature, as Allstate's investigation is ongoing. Allstate also objects to this request as seeking documentation that is irrelevant to any party's claims or defenses in this matter. Allstate further objects to this Request to the extent it is overbroad and unduly burdensome, as the statute of limitations for TCPA claims is four years. Allstate further objects to Plaintiff's attempt to limit Allstate's ability to object to this request by stating Allstate may only "omit a response to this request if you state in your response that you do not contend that damages in this case are unconstitutional, annihilating or otherwise too high." Allstate further states that it is a publicly traded company and, therefore, its financials are available through public filings.

24.     Please provide copies of any written policies and procedures, employee handbooks, and training materials for employees, agents or vendors engaged in telemarketing.

**RESPONSE:** Allstate objects to this Request to the extent it purports to call for production of "all" documents under circumstances in which a subset of "all" would be sufficient to provide Plaintiff with the information to which he is entitled. Allstate objects to this Request as overbroad and unduly burdensome in that it seeks information since January 1, 2015 when the allegations in the Complaint only pertain to calls allegedly made beginning in November of 2020, and the statute of limitations for TCPA claims is four years. Allstate also objects to this Request as overbroad and unduly burdensome in that it seeks "any written policies and procedures, employee handbooks, and training materials" regarding a broad subject matter. Allstate further objects to this Request to

26

the extent it requests: (i) information protected by the work product doctrine and the attorney client privilege; or (ii) confidential and proprietary information. Allstate further objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control. Allstate further states that its agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes.

Subject to and without waiving these objections, and pursuant to a Stipulated Protective Order and an agreed upon ESI discovery plan, Allstate will produce (to the extent they exist) responsive, non-objectionable and non-privileged documents and ESI located after a reasonable search.

25. Produce all documents concerning any visits or inspections you or your employees or affiliates made to any agent that dealt with any call alleged in the complaint, or any vendor of theirs relating to telemarketing.

**RESPONSE:** Allstate objects to this Request to the extent it purports to call for production of "all" documents "relating to" a broad subject matter under circumstances in which a subset of "all" documents would be sufficient to provide Plaintiff with the information to which he is entitled. Allstate objects to this Request as overbroad and unduly burdensome in that it seeks information since January 1, 2015 when the allegations in the Complaint only pertain to calls allegedly made beginning in November of 2020, and the statute of limitations for TCPA claims is four years. Allstate further objects to this Request to the extent it requests: (i) information protected by the work product doctrine and the attorney client privilege; or (ii) confidential and proprietary information. Allstate further objects to this Request to the extent it seeks information that is outside of Allstate's possession, custody, or control. Allstate further states that its agents

27

are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes.

26.     Produce all documentation concerning payment to agencies relating to marketing efforts.

**RESPONSE:** Allstate objects to this Request as overbroad and unduly burdensome, and seeking information that is irrelevant to any party's claim or defense in that it seeks "all documentation" regarding payments to any agency Allstate engaged for marketing purposes. Allstate also objects to this Request as vague and ambiguous in its use of the terms "concerning" and "relating to marketing efforts," which are undefined. Allstate objects to this Request as overbroad and unduly burdensome in that it seeks information since January 1, 2015 when the allegations in the Complaint only pertain to calls allegedly made beginning in November of 2020, and the statute of limitations for TCPA claims is four years. Allstate further objects to this Request to the extent it is overbroad and unduly burdensome in that it is not limited to the agents allegedly involved with the phone calls at issue. Allstate further objects to this Request to the extent it requests: (i) information protected by the work product doctrine and the attorney client privilege; or (ii) confidential and proprietary information. Allstate further states that its agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes.

27.     Produce all call lists or other types of instructions provided to agents or any other telemarketing vendor, concerning what telephone numbers to call.

**RESPONSE:** Allstate objects to this Request as overbroad, unduly burdensome, and seeking information that is irrelevant to any party's claim or defense in that it seeks "all call lists" or "other types of instructions" provided to any "agent" or "vendor." Allstate further objects to

77793897.1

this request as vague and ambiguous in its use of the term "call lists or other types of instructions," which is undefined. Allstate objects to this Request as overbroad and unduly burdensome in that it seeks information since January 1, 2015 when the allegations in the Complaint only pertain to calls allegedly made beginning in November of 2020, and the statute of limitations for TCPA claims is four years. Allstate also objects to this Request to the extent it seeks confidential and proprietary information. Allstate further states that its agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes. Allstate further states that it provides its agents access to Allstate DNC List and DNC policy. Further answering, Allstate states that it did not make the calls alleged in the Complaint.

28.     Produce documents sufficient to show what telephone, VoIP or other telecom company your agents used in order to receive Plaintiff's calls.

**RESPONSE:** Allstate objects to this Request as seeking information outside its possession, custody and control. Allstate further states that its agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes. Further answering, Allstate states that it did not make the calls alleged in the Complaint.

29.     Produce documents sufficient to show what call recording software or vendor your agents or any of their vendors used.

**RESPONSE:** Allstate objects to this Request as seeking information outside its possession, custody and control. Allstate further states that its agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes. Further answering, Allstate states that it did not make the calls alleged in the Complaint.

30.     Produce all documents you might introduce at summary judgment, class certification or trial, including documents for rebuttal or impeachment purposes.

**RESPONSE:** Allstate objects to this Request to the extent it is premature, as Allstate's investigation is ongoing. Subject to and without waiving these objections, and pursuant to a Stipulated Protective Order and an agreed upon ESI discovery plan, Allstate will produce (to the extent they exist) responsive, non-objectionable and non-privileged documents and ESI located after a reasonable search.

## REQUESTS FOR ADMISSION

1.    Admit that [Phone Number1] was scrubbed to determine whether it was on Allstate's Internal Do Not Call list, on November 11, 2020.

**RESPONSE:** Allstate objects to this Request as vague and ambiguous in that it uses the term "scrubbed," which is both unclear and undefined. Allstate further objects to this Request to the extent it seeks information outside its custody and control. Subject to, and without waiving the foregoing objections, Allstate states that it did not make the call at issue, nor did Allstate engage any third party vendors to make calls on its behalf. Allstate agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes. Accordingly, Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in RFA No. 1.

2.    Admit that [Phone Number1] was scrubbed to determine whether it was on Allstate's Internal Do Not Call list, on November 12, 2020.

**RESPONSE:** Allstate objects to this Request as vague and ambiguous in that it uses the term "scrubbed," which is both unclear and undefined. Allstate further objects to this Request to the extent it seeks information outside its custody and control. Subject to, and without waiving the foregoing objections, Allstate states that it did not make the call at issue, nor did Allstate engage any third party vendors to make calls on its behalf. Allstate agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes. Accordingly, Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in RFA No. 2.

3.    Admit that [Phone Number1] was scrubbed to determine whether it was on Allstate's Internal Do Not Call list, on November 13, 2020.

31

**RESPONSE:**  Allstate objects to this Request as vague and ambiguous in that it uses the term "scrubbed," which is both unclear and undefined. Allstate further objects to this Request to the extent it seeks information outside its custody and control.  Subject to, and without waiving the foregoing objections, Allstate states that it did not make the call at issue, nor did Allstate engage any third party vendors to make calls on its behalf.  Allstate agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes.  Accordingly, Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in RFA No. 3.

4.      Admit that ▮Phone Number1▮ was scrubbed to determine whether it was on Allstate's Internal Do Not Call list, on November 24, 2020.

**RESPONSE:**  Allstate objects to this Request as vague and ambiguous in that it uses the term "scrubbed," which is both unclear and undefined. Allstate further objects to this Request to the extent it seeks information outside its custody and control.  Subject to, and without waiving the foregoing objections, Allstate states that it did not make the call at issue, nor did Allstate engage any third party vendors to make calls on its behalf.  Allstate agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes.  Accordingly, Allstate lacks knowledge or information sufficient to form a belief as to the truth of the allegation in RFA No. 4.

5.      Admit that Allstate did not have "prior express written consent" to call ▮Phone Number1▮ ▮, at any time in 2020.

**RESPONSE:**  Allstate objects to this Request as seeking legal conclusions as to any "prior express written consent." Allstate also objects to this Request as vague and ambiguous in its use of the undefined term "prior express written consent." Allstate also objects to this Request to the

extent it requests information protected by the work product doctrine and the attorney client privilege. Allstate further objects to this request as it assumes facts not in evidence and states that Allstate did not make the call at issue, nor did Allstate engage any third party vendors to make calls on its behalf.  Allstate agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes. Subject to, and without waiving the foregoing objections, Allstate denies the allegations in RFA No. 5 in part because Allstate did not make any calls to Plaintiff.

6.      Admit that Allstate did not have "prior express written consent" to call ▉Phone Number1▉ ▉, at any time in 2021.

**RESPONSE:**  Allstate objects to this Request as seeking legal conclusions as to any "prior express written consent." Allstate also objects to this Request as vague and ambiguous in its use of the undefined term "prior express written consent." Allstate also objects to this Interrogatory to the extent it requests information protected by the work product doctrine and the attorney client privilege.  Allstate further objects to this request as it assumes facts not in evidence and states that Allstate did not make the call at issue, nor did Allstate engage any third party vendors to make calls on its behalf.  Allstate agents are independent contractors, who also market independently, and Allstate does not have control over such agents' marketing processes. Subject to, and without waiving the foregoing objections, Allstate denies the allegations in RFA No. 6 in part because Allstate did not make any calls to Plaintiff.

7.      Admit that ▉Phone Number1▉ was on your internal do not call list, at 8:00am central time, on November 11, 2020.

**RESPONSE:** Allstate admits the allegations in Request Number 7.

Respectfully submitted,

Dated: April 27, 2021

By: */s/ Rodney Lewis*
Mary Clare Bonaccorsi
Rodney L. Lewis
Catherine A. Green (*pro hac vice*)
POLSINELLI PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
Telephone:  (312) 819-1900
Facsimile:  (312) 819-1910 Fax
rodneylewis@polsinelli.com
mbonaccorsi@polsinelli.com
cgreen@polsinelli.com

*Counsel for Defendant*
*Allstate Insurance Company*

## CERTIFICATE OF SERVICE

This is to certify that on April 27, 2021, I served the foregoing via email to all counsel of record, namely:

Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
909 Davis St., Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

*/s/ Rodney L. Lewis*

35

77793897.1