IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT HOSSFIELD, individually and on behalf of a class of all persons and entities similarly situated,, <br><br> Plaintiff, <br><br> vs. <br><br> ALLSTATE INSURANCE COMPANY, <br><br> Defendant. | No. 20 C 7091 <br><br><br><br><br> Chicago, Illinois <br><br><br> September 9, 2021 <br> 9:29 a.m. |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HON. SUNIL R. HARJANI, MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:  MR. ALEXANDER H. BURKE
  MR. DANIEL J. MAROVITCH
  Burke Law Offices, LLC,
  909 Davis Street, Suite 500.
  Evanston, Illinois  60201

for the Defendant:  MR. RODNEY L. LEWIS
  Polsinelli PC,
  150 North Riverside Plaza, Suite 3000,
  Chicago, Illinois  60606

PATRICK J. MULLEN
Official Court Reporter
United States District Court
219 South Dearborn Street, Room 1412
Chicago, Illinois  60604
(312) 435-5565

1     (Telephonic proceedings on the record.)
2         THE CLERK:  20 C 7091, Hossfeld versus Allstate
3  Insurance Company.
4         THE COURT:  Good morning.  This is Judge Harjani.  Can
5  I have appearances, please, starting with plaintiff's counsel?
6         MR. BURKE:  Good morning, Judge.  Alex Burke here for
7  plaintiff.
8         MR. MAROVITCH:  Good morning.  Dan Marovitch for
9  plaintiff.
10        THE COURT:  Okay.  Good morning.  This was a video
11 proceeding, but I don't see anybody on video.  Can you tell me
12 what's going on?
13        MR. BURKE:  This is Alex Burke.
14        MR. LEWIS:  Good morning, Judge.
15        MR. BURKE:  I am prepared to do video insofar as I've
16 got a video setup, but I am not addressed for video, Your
17 Honor.  I apologize for that.  With your permission, I would
18 begin my video.
19        THE COURT:  Opposing counsel?
20        MR. LEWIS:  Good morning, Your Honor.  My name is
21 Rodney Lewis on behalf of Allstate.  I am working through
22 computer issues, so I dialed in.  But hopefully this will
23 resolve soon and I will open up my video.  It's just I dialed
24 in (inaudible).
25        THE CLERK:  If you're on another line, you'll have to

1 disconnect your first one.
2     MR. LEWIS: All right. Are you (inaudible) --
3     THE CLERK: Mr. Lewis, you're on twice. I need you to
4 disconnect one of your lines.
5     (Brief pause.)
6     THE COURT: Okay. Good morning. Let's get started.
7     I have first a motion for extension of time to
8 schedule depositions. I see a response was filed, and there's
9 no objection insofar as there's a request to schedule -- to
10 reset the deposition notice and agreement date. I'm looking at
11 the motion right now, and there was a request to extend it to
12 September 13th which I will grant without objection.
13     I would like a status report to be filed by September
14 the 20th, and in that status report I'd like a list of all
15 deponents who remain and whose deposition needs to be taken and
16 firm dates for their deposition. Okay? So you have until
17 September 13th to work it out and notice these depositions, and
18 you have until September 20th to inform me of the deponents and
19 the dates for their depositions. Okay?
20     I also have a motion before me from Allstate to extend
21 the time to file a response brief on the motion to compel as a
22 result of transcripts that need to be obtained. Is there any
23 objection to that motion?
24     MR. BURKE: Our objection to the motion? Yes, there
25 is, Your Honor, and our objection to the motion is that

1 Allstate has already taken like a month extension on its
2 opposition brief. It's a very simple motion. I asked during
3 our meet-and-confer on the motion, the second motion for
4 extension, why Allstate wanted to attach the deposition
5 transcript, and I didn't receive a substantive answer to that.
6 Plus discovery is almost over. My goodness, this case is just
7 languishing, and the reason it's languishing is because, you
8 know, we're just not getting timely information, you know,
9 timely responses from Allstate.
10     THE COURT: Okay.
11     MR. BURKE: So we oppose this. We're not trying,
12 we're not trying to, you know, jam them up, but the case has to
13 move forward.
14     THE COURT: Somebody needs to put their mike on mute.
15   (Brief pause.)
16     THE COURT: Okay. Over the objection, Allstate's
17 motion is granted. I will give additional time to file the
18 response brief. This is the last extension, and so it's a firm
19 date. The response brief is due September 17th and the reply
20 brief is due September 24th, and there will be no more
21 extensions permitted.
22     MR. BURKE: Your Honor?
23     THE COURT: Yes?
24     MR. BURKE: I am scheduled to be in --
25     THE COURT: Somebody has some major audio issues here,

1  so everybody who's not speaking needs to go on mute right now.
2            (Unidentified voice.)
3            THE COURT:  Okay.  Everybody who's not speaking has to
4  go on mute right now.  Okay?
5            (Brief pause.)
6            THE COURT:  All right.  Who is it that wishes to
7  address the Court?
8            (No response.)
9            THE COURT:  Okay.  Is it Mr. Burke?  You need to go on
10 un-mute, and then you can speak.  Go ahead.
11           MR. BURKE:  I don't remember what I was saying, Your
12 Honor.  Oh, the due date is September 24th.  I'm going to be in
13 Montana that week.
14           THE COURT:  Okay.
15           MR. BURKE:  I would ask for a September 1st reply
16 date.  We'll try to get it in earlier.  There's a possibility I
17 can do that, but there's just really limited access to
18 electronics in Montana.
19           THE COURT:  Understood.  Okay.  October 1st will be
20 the date for the reply.
21           Okay.  Going further, I understand you have
22 depositions that you were scheduling, and I will look at those
23 firm dates and the names of those deponents in the status
24 report you'll have sent me, but I also see in the body of the
25 motion there are other things going on in discovery that seem

1  to be in dispute. So I'd like an update as to what is going
2  on. Besides the depositions that will be scheduled, what
3  remains to be accomplished in discovery by the fact discovery
4  close date which I understand is set for some time in November,
5  November 1st, I believe?

6  Plaintiff, why don't you go first and let me know what
7  you'd like to update me on, and then defendant can speak after
8  that. Go ahead.

9  MR. BURKE: It looks like Allstate dropped off.

10  THE COURT: I don't see him on the screen.

11  (Discussion off the record.)

12  THE COURT: Hold on one second.

13  MR. BURKE: Okay.

14  (Discussion off the record.)

15  MR. LEWIS: Hello?

16  THE COURT: Yes, Mr. Lewis.

17  MR. LEWIS: Excuse me. I could not hear anything
18  after Your Honor said that the reply would be due on September
19  24th. My audio went out on the computer, which is the issue I
20  was dealing with earlier today. So I just dropped that and
21  called back in.

22  THE COURT: Okay. I asked for an update on discovery
23  and what needs to be completed up to the discovery close date
24  of November 1st. Plaintiff will go first, and then defendant
25  can speak after that.

1          Go ahead, plaintiff.

2          MR. BURKE:  This is Alex Burke.  You know, the parties
3  have been working on -- there's substantial document discovery
4  that needs to be produced.  We proposed a list of custodians on
5  September 23rd -- pardon me -- July 23rd.  Allstate has
6  repeatedly told us that it would provide a hit report for the
7  plaintiff's proposed custodians.  Instead of providing a hit
8  report, it told us that it objected to our proposed custodians
9  on proportionality and relevancy grounds, but then it also
10 committed to providing that hit report but hasn't done so.  So
11 ESI and electronic discovery is stalled.

12         I haven't filed a motion on it because they tell me
13 that they're going to cooperate and they're going to provide
14 the information, but they're just not doing so.

15         THE COURT:  Okay.  What else?  Anything else?

16         MR. BURKE:  So we need the document discovery from
17 them.  We need the depositions.  I think that that is what I'm
18 going to need to prove my case.

19         THE COURT:  Okay.  Thank you.

20         Defendant, go ahead with the update.

21         MR. LEWIS:  Thank you, Your Honor.  So what counsel
22 failed to mention is that Allstate provided its own custodians
23 based on the information that has come to light through
24 discovery so far.  I won't bore you with the details, but it's
25 very clear who the agents are that are involved, and so we

1  provided a hit report based on search terms and those
2  custodians, provided that to plaintiff's counsel.
3       Plaintiff's counsel came back and said he'd like to
4  add additional custodians and additional search terms.  We ran
5  the additional search terms that plaintiff's counsel suggested
6  along with our custodians and provided that hit report.
7  Counsel is correct that we said despite our objection to
8  expanding the number of custodians that we would provide a hit
9  report and we are doing so, but those documents have to be
10 corrected, which is what the client shared with me, to be able
11 to run a meaningful hit report.  So we are going to do that,
12 and we've committed to do that.  So our objection remains to
13 expanding the number of custodians, but we can continue to
14 confer with plaintiff's counsel to get that worked out.
15      Other than that, we have made the 30(b)(6) deposition.
16 We've had that.  We have a subsequent one that has been
17 noticed, and I believe we've identified the date for that as of
18 a couple of days ago.  So the deposition should move forward;
19 at least the 30(b)(6) deposition should more forward.  There
20 are individual depositions of Allstate employees noticed, and
21 we are continuing to confer because we have noted our objection
22 to the individual depositions to plaintiff's counsel.  That's
23 not before you today, and we'll continue to try to confer and
24 try to resolve that issue.
25      THE COURT:  All right.  So let me ask some questions.

1  First, from the defendant's perspective, is it your view that
2  the search terms have now been agreed upon?
3        MR. LEWIS: I believe that's fair, Your Honor. It was
4  interesting. The proposed search terms that counsel suggested
5  to us included many of the search terms that were on ours, so I
6  think we've got a set that we can agree on. Again, it's the
7  custodians that are more the issue just because facts have come
8  to light to identify who's involved and who's responsible for
9  the calls that were made.
10       THE COURT: Okay. Plaintiff's counsel, sticking with
11 the search terms, do you agree that the search terms have now
12 been agreed upon?
13       MR. BURKE: I do not. It's true that we've made some
14 proposed search terms and we got the initial hit report for the
15 two custodians that Allstate has offered, neither of whom is an
16 Allstate employee. Its proposed custodians include only
17 non-employees, alleged independent contractors.
18       Some of those search terms hit on too many documents.
19 So what we've been trying to do is cooperate and meet and
20 confer about how to narrow those search terms with the
21 additional custodians that we've proposed who are not obscure
22 people. This is the person that Allstate presented as the
23 person most knowledgeable as to its internal do-not-call
24 procedures. It's the person in charge of do-not-call. That's
25 one of the people that they're objecting as irrelevant to this

1 internal do-not-call case.  It's two investigators that spoke
2 directly with Transfer Kings, the telemarketers that, you know,
3 made these calls or at least were involved with the calls.  I
4 know Allstate, you know, doesn't believe that Transfer Kings
5 was that involved, but these are not obscure people.
6     So back to search terms, no, I mean, I think that
7 we've got some search terms that even as to Allstate's two
8 proposed custodians, the hit lists show that the search terms
9 are too broad.  But, you know, what we understood the parties
10 had already agreed to do was to take those additional -- and I
11 think it's only three or four custodians -- run the search
12 terms, the plaintiff's search terms against those, along with
13 the other two, Gilmond and Fleming, that Allstate has proposed,
14 and then run them so that we can get some reasonable set.
15     I mean, when I look at the two custodians that
16 Allstate wants to use and the search terms they ran it against,
17 it's too broad.  I mean, we don't want Allstate to have to go
18 through all that, at least not as to two custodians that we
19 think are probably, you know, irrelevant.  Plus, the two
20 custodians that Allstate has offered us are two subpoena
21 respondents who have already produced what they say are all of
22 the ESI that they've got.  You know, my guess is that Allstate
23 will show some additional hits that are relevant to the case,
24 but it's sort of double-dipping, Allstate's position.
25     THE COURT:  Okay.  Let me stop you there.

1 Counsel for Allstate, how many custodians are at issue
2 here that you have not agreed to search for, three?
3 　　　　　MR. LEWIS:　There's an additional four.　So I don't
4 have it in front of me, but my recollection is that there is an
5 additional four.　Your Honor, we -- Allstate for these
6 independent contractors had access to their emails.　We pulled
7 those when we were put on notice.　So the hit report came out
8 with 27,000 hits, which is a substantial number of documents.
9 Counsel now says that they're narrowing search terms.　Even
10 after seeing a hit report with 27,000, they added search terms.
11 There's not been any discussion about narrowing them.
12 　　　　　THE COURT:　All right.
13 　　　　　MR. LEWIS:　We're certainly happy to narrow them.
14 　　　　　THE COURT:　Can we stop there?　Neither of you are
15 really helping me, to be quite honest.　What you're doing is
16 talking past each other.　As I understand it, there are four
17 custodians that are at issue which I can decide.　You can brief
18 it, and I'll tell you what to do.　But my question to Allstate
19 is this.　Why can't you start producing ESI now with the
20 custodians that you've agreed upon with the search terms that
21 you've come up with and what plaintiff has added to?　Why can't
22 start that process now, Allstate?
23 　　　　　MR. LEWIS:　We can start that, Your Honor.
24 　　　　　THE COURT:　Okay.　All right.　How soon can you start
25 producing documents?

1     MR. LEWIS: Allstate has an internal ESI liaison, if
2 you will, so I have been working with him to deal with ESI
3 going forward. What I'd like to do is ask him what's a
4 realistic timeframe to be able to do -- to begin a rolling
5 production as opposed to agreeing to something that he can't
6 meet. I would say that three weeks should be reasonable, but
7 I would like to be able to ask him and then perhaps answer
8 that question to counsel and Your Honor later today or
9 tomorrow.
10    THE COURT: Okay. I can answer that based on my own
11 experience and my own timeframe in order to move this discovery
12 along. I'm going to give you two weeks to start your rolling
13 production. So it's 9/23 for the custodians that you've agreed
14 on as well as the search terms that each of you have, your
15 search terms, defendant's, plus the additional search terms
16 from the plaintiff. You'll start your rolling production on
17 that day.
18    With respect to the other custodians, on 9/23 I'd like
19 a motion from the defendant. You can file a motion for a
20 protective order and tell me why those four custodians should
21 not be in the mix. Okay? I will take a look at it. Then I
22 will set a response brief date after that from the plaintiff
23 and a reply brief, but I want to see what the motion says
24 first. So that will also be due on September 23rd. That way,
25 we'll get ESI rolling as well as insure that the current

1 dispute also gets some attention.

2 You have a next status with me on October 6th already 3 on the docket. I'm going to keep that, and on October 1st 4 there will be a status report. I'd like to keep that, too, and 5 see what you've progressed with on that date. Okay? That's 6 the plan going forward.

7 Anything else from plaintiff at this time?

8 MR. BURKE: Not at this time, Judge. We're just 9 cognizant of our roughly Halloween cutoff. I think it's 10 November 1st.

11 THE COURT: Okay. Anything else from defendant?

12 MR. LEWIS: I believe there are depositions scheduled 13 for October 6th, and we'll be informing plaintiff's counsel as 14 to whether or not we can still take those depositions if they 15 go forward in light of Your Honor asking us for or maintaining 16 the status hearing.

17 THE COURT: Okay. So I don't see why a deposition 18 can't go forward. You should plan on your depositions to go 19 forward. October 6th is simply a check-in status hearing. 20 There should be no more delays. As I've already said, I've 21 ordered you to schedule all your depositions and to provide me 22 all the information in a status report. So you should follow 23 that plan and not delay anything, and I will talk to you on 24 October 6th again and just check in to see how things are 25 going.

1    Okay. Thank you. We're adjourned. Take care.
2         MR. BURKE: Thank you, Judge.
3         MR. LEWIS: Thank you, Judge.
4         MR. BURKE: Goodbye.
5    (Proceedings concluded.)
6                    C E R T I F I C A T E
7         I, Patrick J. Mullen, do hereby certify the foregoing
8    is an accurate transcript produced from an audio recording of
9    the proceedings had in the above-entitled case before the
10   Honorable SUNIL R. HARJANI, one of the magistrate judges of
11   said court, at Chicago, Illinois, on September 9, 2021.
12
13                              */s/ Patrick J. Mullen*
                                Official Court Reporter
14                              United States District Court
                                Northern District of Illinois
15                              Eastern Division
16
17
18
19
20
21
22
23
24
25