**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT HOSSFELD, individually and on behalf of a class of all persons and entities similarly situated,<br>Plaintiff, | )<br>)<br>)<br>)<br>) | Case No. 1:20-cv-07091 |
| v. | )<br>) | Hon. Judge Joan B. Gottschall<br>Hon. Mag. Judge Sunil R. Harjani |
| ALLSTATE INSURANCE COMPANY,<br>Defendant. | )<br>) | |

**<u>DECLARATION OF ALEXANDER H. BURKE</u>**

I, Alexander H. Burke, hereby declare as follows:

1.　　I am one of the attorneys for Plaintiff Robert Hossfeld in this matter. I submit this declaration in support of Plaintiff's Motion to Compel ESI.

2.　　My office has tried to reach an accord with counsel for Defendant Allstate Insurance Company ("Allstate") as to keywords and custodians relevant to Allstate's production of electronically stored information ("ESI") in this case. However, despite repeated calls, emails, and concessions on my part, the parties were unable to reach a resolution.

3.　　This process has been a slog. The parties conferred extensively before exchanging proposed search terms and custodians in July 2021: Allstate proposed 2 non-employee custodians and 38 search terms, and I proposed 5 additional custodians and 9 additional search terms. After that, Allstate took forty days to provide me with an incomplete hit report on September 1, 2021 (only for the two, non-employee custodians Allstate proposed), despite repeated follow-up requests on my part. I asked defense counsel to simply call me so that we could confer, but these issues still weren't resolved by the Court's hearing on September 9, 2021.

4.　　During the discovery hearing on September 9, 2021, defense counsel Rodney L.

Lewis represented to the Court that the parties were in agreement as to search terms and the two custodians Allstate proposed, but that they were not in agreement as to Plaintiff's additional proposed custodians. Exhibit A, Tr. p. 7-9. I disputed that the parties were in agreement about either search terms or custodians, and indicated that I wanted to try to work to massage the terms to something more manageable. Exhibit A, Tr. p. 9-10.

5.      Ultimately, the Court ordered Allstate to "start producing ESI now with the custodians that [the parties have] agreed upon with the search terms that [Allstate has] come up with and what plaintiff has added to[.]" Exhibit A, Tr. p. 11. The Court further ordered that, if the parties couldn't resolve their dispute over Plaintiff's proposed custodians, Allstate was to file a motion for protective order by September 23, 2021. Exhibit A, Tr. p. 12.

6.      Based on the hit report Allstate produced as to its two proposed custodians, complying with the Court's order would require it to produce more than 79,000 documents, without accounting for Plaintiff's proposed custodians.

7.      Since the hearing on September 9, 2021, I reached out repeatedly to defense counsel in order to resolve the parties' dispute about ESI, without success:

- On September 10, 2021, I emailed defense counsel to again request that Allstate provide a complete hit report for our ESI custodians and search terms for Plaintiff's proposal. After conferring, Allstate produced a hit report for Plaintiff's proposed custodians and search terms on September 15, 2021.

- After speaking on the phone with defense counsel Rodney L. Lewis that same day, I responded with a proposal for Allstate to greatly reduce the number of search terms from 46 down to 14. This was a "package deal," proposal, which also required Allstate to accept Plaintiff's custodians.

- On September 21, 2021, Mr. Lewis informed me that Allstate agreed to my proposed limited search terms, but that Allstate had *not* agreed to accept Plaintiff's custodians and would only move forward as to its two proposed custodians. I immediately responded that my proposal was a package deal: Plaintiff would only agree to the limited search terms if his proposed custodians were included.

- Allstate did not respond to my email, but it didn't file a motion for protective order as to Plaintiff's proposed custodians by the deadline of September 23, 2021, either, which the Court *ordered* it to do if the parties were still in dispute. Dkt. 78. Instead, Allstate proceeded with an ESI production on that day.

- On September 29, 2021, I emailed defense counsel again, and clarified that, "[b]ecause we did not see a protective order come across last week, see Dkt. 78 below, we presume Allstate is working to produce plaintiff's latest proposed search terms against plaintiff's custodians." Allstate did not respond.

- In the morning of September 30, 2021, I emailed defense counsel to remind them that the Court ordered the parties to file a status report the next day, *see* Dkt. 78, and to inquire as to the status of Allstate's ESI production and upcoming depositions.

- Defense counsel Rodney L. Lewis responded to my September 30, 2021, email by referencing an unrelated issue concerning document redactions, and instead proposed having a meet-and-confer about Plaintiff's upcoming depositions of Allstate employees.

- The parties' held their meet-and-confer later that afternoon, which I attended with Mr. Lewis and my co-counsel Daniel J. Marovitch. Mr. Lewis only wanted to confer about upcoming depositions of certain Allstate employees. After explaining that we had a Court-ordered status report due the next day and that I still was unclear about the status of Allstate's production, Mr. Lewis informed me that Allstate had produced ESI for its two proposed, non-employee custodians, only, despite not having moved for a protective order as to the other custodians like the Court ordered. When I tried to confer further, Mr. Lewis curtly refused to discuss it, and ultimately hung up in my face.

8.      I am frustrated with how discovery has proceeded in this case. My emails and calls get ignored. We had to wait forty days just to get a hit report. The parties aren't communicating like they should be, and now Allstate has made a production that wasn't what Plaintiff consented to or what the Court ordered. This is now necessarily going to cause even further delay and continue to multiply these proceedings. Plus, as it stands now, I don't see how Plaintiff will have the materials my office needs from Allstate before the depositions of Allstate's employees scheduled for next week. Dkt. 80.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 5, 2021.

         */s/ Alexander H. Burke*