**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT HOSSFELD, individually and on behalf of a class of all persons and entities similarly situated, | ) ) ) | Case No. 1:20-cv-07091 |
| Plaintiff, | ) ) | |
| v. | ) ) | Hon. Judge Joan B. Gottschall |
| | ) | Hon. Mag. Judge Sunil R. Harjani |
| ALLSTATE INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**OPPOSED
PLAINTIFF'S MOTION TO COMPEL UNREDACTED PRODUCTION**

This class action seeks redress for telemarketing calls made on behalf of Allstate to consumers who had previously asked not to be called, and for improper identification of the caller and call's purpose, in violation of the Telephone Consumer Protection Act's internal do-not-call rules. Dkt. 40, 2d Am. Compl. ["SAC"] ¶¶ 87-98; 47 C.F.R. § 64.1200(d).

Allstate has improvidently redacted certain materials produced in discovery. Its most recent document production at issue consists of 370 pages (fifty documents) from the email accounts of two insurance agencies that it claims are "independent contractors." There are twelve documents that were redacted, most notably a 206-page document – believed to be a PDF of an Excel or similar spreadsheet – that is completely blacked-out. The other redactions are either internal communications within these agencies, or communications with Transfer Kings, the telemarketer that those agents hired to market Allstate goods and services.

During meet-and-confer discussions, Allstate indicated that it made these redactions because a class has not yet been certified.

The Court should order Allstate to remove the redactions because: (1) Allstate's reason for the redactions is unfounded given that discovery has not been bifurcated, (2) by producing

them pursuant to the Parties' ESI protocol, Allstate has already determined that the materials are relevant and discoverable in this case, (3) the documents are not Allstate's to withhold; rather, they belong to its insurance agencies, and (4) there is a confidentiality order in place, which moots any privacy concerns Allstate may have.

Because Allstate is expected to produce additional materials on an ongoing, rolling basis, Dkt. 91, Plaintiff anticipates that Allstate will *continue* to redact non-privileged documents going forward unless this issue is addressed now. The Court should order Allstate to produce its responsive materials without redactions other than as to privilege, as further explained herein.

## I. <u>BACKGROUND</u>

The Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, was enacted in response to widespread public outrage over the proliferation of intrusive, nuisance calling practices. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012). To that end, the TCPA's internal do-not-call regulations provide that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d).[1]

Even though Plaintiff previously sued Allstate for internal do-not-call violations in a different lawsuit in 2019,[2] he began receiving new unsolicited Allstate telemarketing calls beginning in November 2020—which haven't stopped to this day. These calls were all made for

---

[1]     Such procedures must meet certain minimum standards including, as relevant here: (1) that the caller properly identify themselves and the seller, and provide valid contact information during the call, and (2) that the caller and seller appropriately track and honor consumer do-not-call requests. 47 C.F.R. § 64.1200(d)(3)-(4). "If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request." 47 C.F.R. § 64.1200(3).

[2]     *Hossfeld v. Allstate Ins. Co.*, No. 1:19-cv-03492 (N.D. Ill).

the purpose of encouraging the purchase of Allstate products or services, but were made in connection with a variety of agents and subvendors: from a Dominican Republic-based call center called Transfer Kings and Allstate agencies owned by Jason Fleming and Daniel Gilmond, to calling that resulted in a quote for Allstate insurance from a different Allstate agent Justin Powell's agency, to yet-unknown telemarketing vendors and agents in connection with still other Allstate telemarketing. Plaintiff is far from the only consumer to complain about such calls.

The reason for this unwanted telemarketing flows back to Allstate's deficient, company-wide policies, practices, and procedures, which fail to coordinate do-not-call compliance amongst it, its agents, and its (sub)vendors, permit calls to phone numbers on its do-not-call list so long as the caller thinks it has "consent," and fail to enforce the caller identification rules the TCPA requires. This lawsuit is therefore necessary to afford Plaintiff and other consumers appropriate relief, and to wrench Allstate's compliance with federal law.

On September 23, 2021, Allstate produced 370 pages of materials. A total of 206 of these pages – roughly 56% – are completely redacted, strangely with a "confidential" designation at the bottom. Most of the remaining documents relate to Daniel Gilmond and Jason Fleming, two Allstate agents who hired the Transfer Kings call center that engaged in some of the telemarketing at issue to Plaintiff. These documents, too, contain interspersed redactions of, for example, name and other lead information, Fleming's and Gilmond's login information for the Transfer Kings dialer platform, Zoom meeting information, and consumer data associated with a do-not-solicit scrubbing issue. Some redactions are made in a way that does not allow one to ascertain what exactly was redacted, for example there is no "cover" email or other indication of what the 206-page fully-redacted document is.

On September 24, 2021, Plaintiff's counsel emailed Allstate's counsel, to ask that they

remove the redactions to Allstate's production or provide availability to confer by phone. After not hearing back, Plaintiff's counsel followed up in the following week, and the parties ultimately conducted a telephonic meet-and-confer on September 29, 2021.

During the parties' meet-and-confer, Allstate's counsel indicated that the 200+ pages of entirely redacted materials it produced contained phone number and other consumer lead information associated with KP Leads, one of the lead list vendors from which Allstate's telemarketing subvendor Transfer Kings purchased information on Plaintiff Hossfeld and other consumers who received the calls at issue. Defense counsel also explained that the remaining, partially-redacted pages redacted consumer names, although Plaintiff's counsel's review of the materials indicates that more general lead and other information was redacted, as well. Allstate suggested that revealing such information would be premature before a class is certified in this case, and that the names of other consumers were irrelevant, ostensibly based on privacy concerns. Plaintiff's counsel explained that the redactions obscure potential witness and class-related information that Plaintiff will likely need to analyze in advance of moving for class certification, especially given that Allstate won't waive its ascertainability arguments.[3] Defense counsel committed to conferring with Allstate and following up with Plaintiff's counsel by Friday, October 1, 2021.

After not hearing back from defense counsel as agreed, Plaintiff's counsel reached back out via email in the morning of October 6, 2021. Defense counsel emailed back to say that he was "sure" the issue would be discussed at the Court's hearing later that day, but that he was "[h]appy to circle back if it is still unresolved." However, the matter wasn't addressed at the

---

[3]     During the parties' meet-and-confer discussion, Plaintiff's counsel tried to determine whether Allstate had for some reason simply produced with redactions materials that had already been produced in the case without redaction by Transfer Kings or some other subpoena respondent—so as to moot the dispute. However, defense counsel was unable to say whether this was the case.

hearing: Allstate didn't raise it, and Plaintiff was not in a position to do so because he still didn't know Allstate's position or the extent to which a dispute existed. After again not hearing back from defense counsel, Plaintiff's counsel reached out for an update on Allstate's position on October 8, 2021, in response to which Allstate's counsel finally confirmed that it would not be removing the redactions. Plaintiff raised this issue with the Court during the subsequent hearing on October 18, 2021, and now brings this motion as discussed.

Because Allstate lacks any justifiable reason for redacting non-privileged, responsive documents, the Court should order it to remove any redactions of non-privileged information, as further detailed below.

## II.    LEGAL STANDARD

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The scope of discovery is broad—parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b). As such, "[t]he Federal Rules of Civil Procedure ... strongly favor full discovery whenever possible." *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991).

## III.    ARGUMENT

The Federal Rules generally extend the proper scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the

case[.]" Fed.R.Civ.P. 26(b)(1). Plaintiff's request that Allstate remove its redactions to non-privileged materials it has already produced as responsive in this case falls squarely within this scope of permissible discovery, and should be compelled.

First, Allstate's reason for redacting the subject materials is that the redacted information is not relevant unless and until a class has been certified. However, discovery is not bifurcated, and much of the redacted material, including the 206-page, lead-related document in particular, may be relevant to a contested motion for class certification. Thus, Allstate's "no class yet certified" objection should be overruled—just as this Court overruled similar objections from Allstate to Plaintiff's motion to compel its do-not-call list earlier this month. Dkt. 94, Order p. 5.

Second, nearly all of the materials Allstate redacted are relevant to the parties' claims and defenses. Indeed, Allstate has already made a determination that the redacted materials are relevant and responsive, because they were included in Allstate's document production that was based upon Allstate's-chosen custodians and search terms. The redacted data in the 206-page document is expected to reflect prospective class members who witnessed the calling at issue. It may also contain information showing that the purported online "opt ins" for these consumers were bogus, thereby undermining Allstate's defense of consent for the calling at issue.[4] *See* Dkt. 44, Answer p. 34. And, at the very least, it is data Plaintiff can use to support the ascertainability and manageability of a class in this case, given that it contains available information for those targeted with the same lead generation Plaintiff himself received. Further, even where Allstate redacted information that didn't directly identify an Allstate lead, such as login information for

---

[4]    For instance, the opt-in data Transfer Kings produced for Plaintiff Hossfeld reflects a source of PolicyGenius.com, a website that provided its own declaration in this case confirming that it lacks any record suggesting that the alleged "opt in" ever occurred.

the Transfer Kings platform[5] or information about a do-not-solicit scrub, this is nonetheless relevant to providing context to the substance of the responsive document.

Third, the custodians whose email accounts the redacted emails came from are not Allstate employees. Instead, the custodians are Allstate *agents*, for whose actions Allstate claims it is not responsible. In other words, Allstate is withholding emails between two *third parties*, that relate directly to the subject matter of this case, on the ground that Allstate alone should be able to review the information. This is not a fair or just position, and the Court should reject it.

Fourth, there is an agreed confidentiality order in place, which alleviates any privacy concerns. Allstate knows this because it has exercised its "right" under the confidentiality order by designating *every single document it has produced* as "confidential,"[6] including Plaintiff's First Amended Complaint (ALLSTATE0001153-1172), Plaintiff's Second Amended Complaint (ALLSTATE0001101-1120), correspondence between the undersigned Plaintiff's counsel and Allstate "independent contractors" concerning document preservation, and even the wholly-blacked-out 206-page document. Given that there are no privacy concerns, any objection on this ground would be baseless.

Allstate is a redaction zealot and recidivist. It lost this issue a few months ago in another TCPA case. In *Gebka v. Allstate Corp.*, 2021 WL 825612, at *6 (N.D. Ill. Mar. 4, 2021), Allstate similarly produced lead data that redacted information for consumers other than the named plaintiff. Magistrate Judge Cummings compelled production without redaction, finding that:

> It is reasonable to infer that the dozens of other persons whose information was redacted from this document were likewise robocalled on behalf of Allstate regardless of whether they were on the do-not-call list. Thus, the confirmation emails and spreadsheets contain identifying information regarding persons who are

---

[5]     That Allstate's agents could log into Transfer Kings platform directly is relevant to establishing vicarious liability, since it relates to their knowledge and control over the telemarketing.

[6]     Plaintiff may challenge the confidentiality of some of these designations, but this rather large task (for more than a thousand pages) is on a lower priority than obtaining the substance of the documents.

potential class members. As such, the documents are relevant in their unredacted form to: (1) the size of the putative class (numerosity); (2) the fact that putative class members experienced common treatment (commonality); and (3) the fact that Gebka's claim is typical of the claims of other putative class members….

The redacted information … is relevant to Rule 23 issues and it is needed for the class certification proceedings. In any event, even if the unredacted information were relevant only to "who *may* be *potential* class members *only if* a class were to be certified" as Allstate asserts[,] … such discovery is not premature because there is no order bifurcating class discovery in this case.

*Id.* at 8 (emphasis in original).

Like *Gebka*, this case is not bifurcated: Fact discovery ends on December 30, 2021. Dkt. 91. And like *Gebka*, information concerning the calls and leads at issue—whether as to Transfer Kings, its KP Leads lead list vendor, or another agent or lead generator that facilitated the calls at issue to Plaintiff and other class members—is relevant to the Court's eventual Rule 23 analysis. As such, the Court should similarly compel its unredacted production *before* class certification briefing.

## IV.   <u>CONCLUSION</u>

Allstate lacks any justifiable basis for redacting name, phone number, lead, and other information relating to prospective class members, as well as the other miscellaneous redactions Allstate made to its production that provide context and substance to its responsive materials. And as Allstate continues to produce materials on a rolling basis by the Court's deadline of November 1, 2021, Dkt. 91, there is good cause to address this concern now, before further disputes arise.

Consequently, for the foregoing reasons, Plaintiff respectfully asks that the Court order Allstate to produce all non-privileged materials it produced or will be producing in this action without redactions.

Plaintiff also respectfully asks that the Court order Allstate to produce any data in a

usable, delimited text format (e.g., CSV), rather than as a non-native, static PDF. This reflects

the format for data requested in Plaintiff's discovery requests, per Fed.R.Civ.P. 34(b)(2)(E).

Dated: October 20, 2021                    Respectfully submitted,

                                          ROBERT HOSSFELD, individually and on
                                          behalf of others similarly situated

                                          By: _/s/ Alexander H. Burke_____

Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
909 Davis St., Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

*Counsel for Plaintiff*

## FED. R. CIV. P. 37(A)(1)/L.R. 37.2 STATEMENT

The undersigned certifies that Plaintiff, through counsel, has attempted in good faith to

confer with Defendant in an effort to obtain the discovery requested herein without court action,

but that such attempts were unsuccessful, including through a meet-and-confer call between

Plaintiff's counsel Daniel J. Marovitch and Allstate's counsel Rodney L. Lewis on September

29, 2021, and through email.

                                          _/s/ Daniel J. Marovitch_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on October 20, 2021, I caused the foregoing to be electronically

filed with the Clerk of the Court, using the CM/ECF system, which will send notification of such

filing to all counsel of record.

*/s/ Alexander H. Burke*