IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Robert Hossfeld, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20-CV-7091 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| Allstate Insurance Co., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Allstate Insurance Co. ("Allstate") moves to strike plaintiff Robert Hossfeld's ("Hossfeld") second motion for class certification, arguing that he should not be given a "second bite at the apple." Mot. to Strike 1, ECF No. 241. Hossfeld counters that this court has the discretion under Rule 23(c)(1)(c) to consider an amended proposed class definition, and the court should exercise its discretion here because the proposed class claims raise "important issues" under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See* Resp. to Mot. to Strike 1, 6, 7–8, ECF No. 254. For the reasons that follow, the court grants Allstate's motion to strike because Hossfeld has not shown that a material change in circumstances occurred warranting revisiting the court's first class certification ruling.

**I. Background**

The parties completed discovery on December 30, 2021. *See* Min. Entry (Jan. 7, 2022), ECF No. 112; Min. Entry (Feb. 1, 2022), ECF No. 121. They subsequently filed a first round of cross motions for summary judgment (Hossfeld sought partial summary judgment). Hossfeld also moved to certify two classes–an injunctive class under Rule 23(b)(2) and a damages class under Rule 23(b)(3). *See* First Mot. to Certify 1–2, ECF No. 146.

On March 8, 2023, this court issued an order striking the parties' first round of summary judgment motions and denying Hossfeld's first motion for class certification. ECF No. 218. The court ruled that both parties violated this court's Local Rule 56.1 (which governs summary judgment motions). *See id*. at 2–6 (holding that Local Rule 56.1 should be enforced strictly).

The March 8, 2023, order further stated that the parties' local rule violations, left the court "at sea in resolving the merits issues the parties contend must be addressed to resolve Hossfeld's Rule 23 motion to certify." *Id.* at 8–9. The court denied Hossfeld's motion to certify an injunctive class because (1) he did not propose an injunctive class in his second amended complaint; (2) the parties had completed discovery; (3) they had litigated the scope of class discovery; and (4) Allstate demonstrated that it would suffer substantial prejudice, including the cost of reopening discovery, if Hossfeld were allowed to pursue certification of an injunctive class. *See id.* at 9–11 (citing *Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015)).

Regarding Hossfeld's proposed damages class, the court ruled that Hossfeld did not carry his burden, *see* Rule 23(a)(1), to prove that joinder of all members of the proposed class would be impracticable. *Id.* at 11–13 (relying on *Anderson v. Weinert Enters., Inc.*, 986 F.3d 773, 777 (7th Cir. 2021)). The court made this decision against the following factual backdrop presented in the first round of summary judgment briefing:

> It is undisputed at summary judgment that two Allstate agents contracted with a company called Transfer Kings to place Allstate telemarketing calls on their behalf. Hossfeld's cell number has been on Allstate's internal do-not-call ["IDNC"] list since at least July 2020. Transfer Kings claims that it bought a list of leads, that is, people who had expressed interest in insurance quotes, from a company called KP Leads. Hossfeld's personal cellular phone number appeared on the list (how it got there is hotly disputed). The numbers called by Transfer Kings were not compared (this process is often called "scrubbing") with Allstate's internal do-not-call lists. Allegedly based on the purported lead list from KP Leads, Hossfeld received 12 telemarketing calls in November 2020 and February

2

> 2021 (whether Transfer Kings or a subcontractor hired by Transfer Kings placed some of the calls is partially disputed). The parties vigorously dispute, *inter alia*, whether, as a factual matter, Hossfeld ever requested an insurance quote and, if he did, whether, as a legal matter, the TCPA permits Allstate to call a number on its internal do-not-call list if it believes that the person being called subsequently consented to receiving a telemarketing call.
>
> . . . Hossfeld has identified as potential damages class members 32 other unique telephone numbers on Allstate's internal do-not-call list that Transfer Kings called as part of the same campaign. He argues, without citing evidence, that this is "just the tip of the iceberg," reasoning that, because Allstate's internal do-not-call list and policy apply company-wide, "there are certain to be phone numbers on other Non-Contracted Telemarketers' IDNC lists that are missing from both Allstate and Transfer Kings' lists.

*Id.* at 11–12 (citations omitted).

Because a plaintiff "cannot rely on conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity," the court held that Hossfeld had not produced any evidence "substantiating his speculation that additional members of the damages class exist." *Id*. (quoting *Anderson*, 986 F.3d at 778). Since a 40 member class is ordinarily required to satisfy the numerosity requirement for class certification (Hossfeld did not discuss the applicable factors), this court ruled that he did not carry his burden to prove numerosity. *See id.* at 12–13.

In a status report filed April 5, 2023, Hossfeld notified the court of his intent to file a second class certification motion. ECF No. 221. Allstate took the position that any such motion would be procedurally improper. *See id.* at 1–2. The court took no position on whether a second class certification motion would be proper because the question was not adequately briefed in the status report. *See* Min. Entry (Apr. 6, 2023), ECF No. 222.

In May 2023, Hossfeld filed his second motion for class certification (ECF No. 227), and both parties refiled their summary judgment motions (ECF No. 226; ECF No. 229). Hossfeld renews his request to certify a Rule 23(b)(2) injunctive class, which he now proposes to define identically to the damages class proposed in his second amended complaint. *Compare* Second

Am. Compl. ¶ 78, ECF No. 40, *with* Second Mot. to Certify 2, ECF No. 227.  Hossfeld also asks the court to certify a damages subclass consisting of all persons in the injunctive class who were called by Transfer Kings or Atlantic Telecom.  *See* Second Mot. to Certify 2–3.  Hossfeld's amended proposed damages subclass is therefore a subset of his original proposed damages class.

On June 13, 2023, Allstate filed its pending motion to strike Hossfeld's second class certification motion.  ECF No. 241.  Allstate also requested that the court stay briefing on the second class certification motion to avoid unnecessary expense in the event the motion to strike is granted.  *Id*. at 2.  "Without implying any view on the motion to strike," the court stayed briefing on Hossfeld's second motion for class certification.  Min. Entry (June 15, 2023), ECF No. 243.

The motion to strike has been fully briefed.  The parties have also fully briefed cross motions for summary judgment, but Hossfeld asks the court to resolve his second motion for class certification before reaching the summary judgment motions in order to avoid potential one-way intervention problems.  Pl.'s Mem. Supp. Mot. Summ. J 24, ECF No. 229-1.  "The Rule against one-way intervention prevents plaintiffs from moving for class certification after acquiring a favorable ruling on the merits of a claim."  *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057 (7th Cir. 2016) (citing *Peritz v. Liberty Loan Corp.*, 523 F.2d 349, 354 (7th Cir. 1975)).  Allstate does not object to this request.  The court therefore reaches only Allstate's motion to strike.

## II. Analysis

The parties analyze Hossfeld's second class certification motion under two procedural standards: (1) the principles governing a pre-judgment motion for reconsideration and (2) the Rule 23(c)(1) standard for revising an order granting or denying class certification.  The court considers each standard in turn.

### *A. Reconsideration*

The Federal Rules of Civil Procedure do not in so many words authorize motions for reconsideration. Motions to reconsider filed before the entry of final judgment are governed by Rule 54(b), which bestows "sweeping authority upon the district court to reconsider" a non-final order. *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). Rules 59(e) and 60 govern post-judgment motions for reconsideration, depending on when the motion is filed. *See Selective Ins. Co. of S.C. v. City of Paris*, 769 F.3d 501, 508 (7th Cir. 2014); *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013). However, courts ordinarily apply the Rule 59(e) standard to Rule 54(b) motions to reconsider an interlocutory order. *See Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987); *Cheese Depot, Inc. v. Sirob Imports, Inc.*, 2019 WL 1505399, at *1 (N.D. Ill. Apr. 5, 2019) (citing *Morningware, Inc. v. Hearthware Home Prods., Inc.*, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011)).

To prevail on a motion to reconsider under Rule 59(e) and Rule 54(b), "the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted); *see also Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 705 (7th Cir. 2022); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251–52 (7th Cir. 1987) (applying similar rules to Rule 54(b) motion for reconsideration). A manifest error means "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto*, 224 F.3d 601 at 606. In contrast, "[a] 'manifest error' is not demonstrated by the disappointment of the losing party." *Id*.

Hossfeld does not contend that he has satisfied the Rule 54(b) or Rule 59(e) reconsideration standards. He represents that he "reviewed the infirmities relied upon by the Court in its original opinion denying his first motion for class certification, and modified the class definitions and arguments to address them." Resp. to Mot. to Strike 6. No new discovery has occurred, and, although Hossfeld has submitted evidence not previously presented to the court, he does not contend that this evidence was unavailable to him when he filed his first class certification motion or that the court made a manifest error of fact or law when it denied his first

5

class certification motion. *See id.* at 6–9. The court agrees that Hossfeld has not satisfied the reconsideration standard. *See Rothwell Cotton Co.*, 827 F.2d at 251–52.

### B. Rule 23(c)(1)

Courts have broad discretion when deciding whether to certify a class or revisit an order granting or denying class certification. *Retired Chi. Police Ass'n v. City of Chicago,* 7 F.3d 584, 596 (7th Cir. 1993); *see Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 479 n.9 (2013); *United Indep. Flight Officers, Inc. v. United Air Lines, Inc.*, 756 F.2d 1274, 1283 (7th Cir. 1985). Hossfeld argues that the plain language of Rule 23(c)(1)(C) "allows for multiple bites at the apple," even where no material change of fact or law has occurred. Resp. 7. His argument draws on the following provisions of Rule 23(c):

> (A) Time to Issue. At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.
>
> * * * * *
>
> (C) Altering or Amending the Order. An order that grants or denies class certification may be altered or amended before final judgment.
>
> * * * * *
>
> (f) Appeals. A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule, but not from an order under Rule 23(e)(1). A party must file a petition for permission to appeal with the circuit clerk within 14 days after the order is entered or within 45 days after the order is entered if any party is the United States, a United States agency, or a United States officer or employee sued for an act or omission occurring in connection with duties performed on the United States' behalf. An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

Fed. R. Civ. P. 23(c)(1)(A), (c)(1)(C), (f).

Hossfeld relies primarily on the Third Circuit's decision in *Hargrove v. Sleepy's LLC*, 974 F.3d 467, 476–77 (3d Cir. 2020), which states that the plain text of Rule 23(c)(1)(C) "does not distinguish between a renewed motion for certification based on new evidence and one based on a more narrow and clearer definition of a class that meets the requirements of Rule 23." *Id.*

at 476. Based on the text of Rule 23(c)(1)(C), the Third Circuit declined to apply the stringent reconsideration standard to a renewed motion for class certification. "[T]he best course of action," the Third Circuit explained, "is to treat [renewed motions] like any other for class certification, and to apply the usual Rule 23 standard." *Id.* at 477 (citation omitted).

The parties cite no Seventh Circuit case on point. This court finds *Chapman*, *supra*, instructive. The plaintiff in *Chapman*, also a TCPA suit, lost his first class certification motion. *See* 796 F.3d at 784–85. Like Hossfeld, the *Chapman* plaintiff filed a second class certification motion proposing a redefined class, in an effort to fill the gaps that led to the denial of the first motion. *See id.* The district court denied the second motion as untimely because the plaintiff filed it "more than 18 months after discovery had closed." *Id.* The district court also found "that [the plaintiff] had known about the potential notice issue [that resulted in the denial of his first certification motion] from the outset of the litigation but had made a strategic decision not to pursue it earlier." *Id.* The Seventh Circuit affirmed because "no matter how the subject is approached a district judge has discretion to reject an attempt to remake a suit more than four years after it began." *Id.* at 785. The Seventh Circuit added: "Insisting that representative plaintiffs put their class definitions on the table '[a]t an early practicable time' (Rule 23(c)(1)(A)) is not an abuse of discretion, as that's the Rule's own schedule." *Id.* at 785.

*Chapman* teaches that, as a matter of discretion under Rules 23(c)(1)(A) and (c)(1)(C), a second class certification motion may be denied as untimely where, as here, no material circumstances changed between the first and second motions. *See id.* at 785. To the extent that there is any tension between *Chapman* and the Third Circuit's decision in *Hargrove*, this court must of course follow the Seventh Circuit's binding precedent.

7

That said, *Chapman* does not establish a hard and fast rule but rather a principle guiding the exercise of discretion. Rule 23(c) "does not authorize the relitigation of a class certification motion based on nothing more than dissatisfaction with an unfavorable class certification ruling." 1 Joseph McLaughlin, *McLaughlin on Class Actions* § 3:16, Westlaw (20th ed. updated Oct. 2023) (collecting cases in n.44). Depending on the circumstances and needs of the case, the discretion conferred by Rule 23(c)(1)(C) extends to denying a motion for class certification without prejudice, which sometimes occurs after the plaintiff's first attempt at a class certification motion. *See Van v. Ford Motor Co.*, 2018 WL 4635649, at *13 (N.D. Ill. Sept. 27, 2018) (citing cases). On the other hand, district courts in the Seventh Circuit have generally declined to revisit class certification denials "in the absence of materially changed or clarified circumstances, or the occurrence of a condition on which the initial class ruling was expressly contingent." *Brodsky v. HumanaDental Ins. Co.*, 269 F.Supp.3d 841, 845 (N.D. Ill. 2017), *aff'd,* 910 F.3d 285 (7th Cir. 2018) (quoting *Parish v. Sheriff of Cook Cty.*, 2016 WL 1270400, at *1 (N.D. Ill. Mar. 31, 2016)).

The order denying Hossfeld's first class certification motion contained no "without prejudice" language. *See* ECF No. 218 at 13. The court elected this disposition because discovery closed at the end of 2021, leaving no reason to suspect that further facts would be developed affecting the class certification analysis. Furthermore, in rejecting Hossfeld's effort to add an injunctive class not pleaded in his complaint, the court found that no discovery had occurred on an injunctive class and that Allstate would be substantially prejudiced if discovery were reopened. *Id.* at 9–10. In this procedural posture, Hossfeld must identify a material change of circumstances to justify revisiting the first class certification ruling. *See Chapman*, 796 F.3d at 785; *Brodsky*, 269 F.Supp.3d at 845.

8

Hossfeld candidly admits that his second class certification motion attempts to address "the concerns" raised in the order denying his first motion. Resp. 8. The court did not raise the concerns Hossfeld refers to. Instead, Allstate raised them as counter arguments in its opposition to the first class certification motion. *See* Corrected Resp. to Pl.'s Mot. to Certify Class 7 ECF No. 188. Hossfeld did not adequately respond, and his first motion for class certification was accordingly denied. ECF No. 218 at 9–13. Hossfeld attaches to his second class certification motion a summary of voluminous records (Ex. AA) in an effort to show that his proposed damages class meets Rule 23(a)(1)'s numerosity requirement. *See* Pl.'s Second Mot. for Class Certification 10–11 & nn.16–18. But Hossfeld does not contend that this exhibit, or the arguments he now makes based on it, were unavailable to him during the first round of briefing. *See* Resp. to Mot. to Strike 6–11. Accordingly, Hossfeld has not shown a material change in circumstances needed to obtain a second bite at the proverbial apple. *See Chapman*, 796 F.3d at 785; *Quaker Alloy Casting Co. v. Gulfco Indus.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

### III. Conclusion

For the reasons stated, Allstate's motion to strike Hossfeld's second motion for class certification is granted.

Dated: January 29, 2024                                    /s/ Joan B. Gottschall
                                                           United States District Judge