EXHIBIT

A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| ROBERT HOSSFELD, individually and on behalf of a class of all persons and entities similarly situated, | ) ) ) ) | Case No. 1:20-cv-7091 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| - against - | ) |  |
|  | ) |  |
| ALLSTATE INSURANCE COMPANY, | ) |  |
|  | ) |  |
| Defendant. |  |  |

### MOTION FOR ENTRY OF FINAL JUDGMENT

Defendant Allstate Insurance Company ("Allstate"), by counsel, hereby moves the Court for entry of final judgment in favor of Plaintiff Robert Hossfeld ("Hossfeld") on Count II of his Complaint for violation of the Telephone Consumer Protection Act ("TCPA") pursuant to the Court's March 28, 2024 Order deciding the parties' cross-motions for summary judgment ("Summary Judgment Order"), and subject to the parties' reservation of their right to appeal all appealable issues.  In support hereof, Allstate states as follows:

1.  On March 26, 2021, Plaintiff filed the operative complaint in this case alleging two counts of violations of the Telephone Consumer Protection Act ("TCPA").  (ECF No. 40.)

2.  On March 28, 2024, this Court issued its Summary Judgment Order, finding that (1) Allstate is liable to Plaintiff for twelve violations of the Telephone Consumer Protection Act, 47 C.F.R. § 64.1200(d), and (2) Defendant's violations were knowing and willful for purposes of 47 U.S.C. § 227(c)(5). (ECF No. 282.)

3.  The TCPA allows for a statutory award of $500 per violation and up to $1,500 for knowing and willful violations.  47 U.S.C. § 227(c)(5)(C).

95269027.4

4.      On April 22, 2024, this Court issued a minute entry stating that it "did not decide whether to award treble statutory damages".  (ECF No. 286.)

5.      To conserve judicial resources and to avoid trial, Allstate wishes to resolve the issue of the amount of money damages for the twelve calls for which the Court ruled it was liable, while retaining any and all right to appeal the appealable issues in the Summary Judgment Order, such as whether Allstate should be held vicariously liable for the calls to Plaintiff Hossfeld, and whether any violations were knowing and willful.

6.      To efficiently achieve the foregoing and allow Allstate to appeal, Allstate respectfully requests the Court enter final judgment in favor of Hossfeld on Count II of the Complaint, and award money damages in the amount of $18,000, the sum of twelve violations at $1,500 per violation.

WHEREFORE, Defendant Allstate Insurance Company requests that this Court enter final judgment on the merits in favor of Hossfeld on Count II of his Complaint, in the form attached hereto as **Exhibit 1**, provided, however, that the parties specifically reserve and retain their right to appeal the appealable contested issues in this matter, and for all other just and proper relief.  *See Hudson v. Chicago Teachers Union, Loc. No. 1*, 922 F.2d 1306, 1312-1312 (7th Cir. 1991) (accepting parties' "Stipulation for Entry of Judgment" that "resolved … the amount of damages due" but "further memorialized their continued disagreement with respect to the other issues already decided"); *McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 843-844 (7th Cir. 2009) (parties may consent to judgment for purposes of appeal while reserving rights to challenge underlying "liability determination"); *Downey v. State Farm Fire & Cas. Co.*, 266 F.3d 675, 682-83 (7th Cir. 2001) (holding that, "[f]or jurisdictional purposes [on appeal,] there is no distinction between 'consent' and 'adversarial' judgments," that "any party can appeal as of right

95269027.4

from a final decision adverse to his interests," and that, where a party consents to a judgment but reserves its right to appeal, "the right to appeal avoids waiver of contested issues that had been resolved earlier in the litigation"); *Kaszuk v. Bakery & Confectionary Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 552-553 (7th Cir. 1986) (court may enter final judgment while "reserving only the determination of costs and attorney's fees").

Respectfully submitted,

POLSINELLI PC

By: /s/ *Rodney L. Lewis*
    Rodney L. Lewis
    **POLSINELLI, PC**
    150 N. Riverside Plaza, Suite 3000
    Chicago, Illinois 60606
    Telephone: (312) 819-1900
    Facsimile: (312) 819-1910
    Email: rodneylewis@polsinelli.com

    *Attorneys for Defendant Allstate*
    *Insurance Company*

95269027.4

## CERTIFICATE OF SERVICE

This is to certify that on May 29, 2024, I served the foregoing with the Clerk of the Court using the CM/ECF System, which will send electronic notification of such filing to all counsel of record.


Alexander H. Burke
Daniel J. Marovitch
BURKE LAW OFFICES, LLC
909 Davis St., Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

*/s/ Rodney L. Lewis*
Rodney L. Lewis

4

95269027.4

EXHIBIT
1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ROBERT HOSSFELD, individually and on )
behalf of a class of all persons and entities ) Case No. 1:20-cv-7091
similarly situated, )
)
       Plaintiff, )
)
   v. )
)
ALLSTATE INSURANCE COMPANY, )
)
       Defendant. )

**(PROPOSED) ORDER ENTERING FINAL JUDGMENT**

This matter having come before this Court on Defendant Allstate Insurance Company's

("Allstate") Motion for Entry of Final Judgment, and Allstate, having advised the Court that in

light of the Court's March 28, 2024 ruling on the parties' cross-motions for summary judgment

("Summary Judgment Order") (ECF No. 282) finding Allstate liable to Plaintiff Hossfeld under

the Telephone Consumer Protection Act ("TCPA") for twelve calls, and that such calls were

knowing and willful violations of the TCPA under 47 U.S.C. §227(c)5, and to conserve judicial

resources, avoid trial on damages and expedite an appeal on the appealable issues in the Summary

Judgment Order, it requests entry of final judgment to resolve the damages award issue, and the

Court, being otherwise fully advised in the premises, hereby ORDERS, ADJUDGES, and

DECREES as follows:

Final judgment is hereby entered in favor of Plaintiff Robert Hossfeld and against

Defendant Allstate Insurance Company on Count II of Plaintiff Hossfeld's Complaint in the

amount of $18,000. This entry of judgment preserves the parties' right to appellate review of all

appealable issues, including the Court's Order on Summary Judgment (ECF No. 282).

95267485.3

2

So Ordered this __ day of _____, 2024.

_____
Judge Gottschall, U.S. District Court
Northern District of Illinois

Distribution to:
Counsel of Record via ECF

2

95267485.3