IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Hossfeld, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20-CV-7091 |
| v. ) | |
| ) | Honorable Joan B. Gottschall |
| Allstate Insurance Co., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

    This suit arises under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. On March 28, 2024, this court granted plaintiff Robert Hossfeld's motion for partial summary judgment and found defendant Allstate Insurance Co. ("Allstate") liable for placing eight telemarketing calls to Hossfeld's cell number, despite the fact that his number appeared and, as far as the record shows, continues to appear, on Allstate's internal do-not-call list. 726 F. Supp. 3d 852 (ECF No. 282); *see* 47 C.F.R. § 64.1200(d). Following that ruling, Allstate agreed to entry of judgment awarding the maximum amount of statutory damages for each call (a judgment in the aggregate amount of $18,000), but the parties could not agree on whether the judgment should also include a permanent injunction. The court has before it Hossfeld's motion for partial summary judgment seeking permanent injunctive relief.

    At the outset, Allstate's argument that Hossfeld has waived his opportunity to move for permanent injunctive relief borders on frivolous. After the summary judgment opinion issued, the parties reported that they were at issue over how to proceed as to damages, including injunctive relief. By minute order dated April 22, 2024, the court explained that the deadline to file dispositive motions had passed, and a finding of good cause under Federal Rule of Civil Procedure 16(b)(4) was required to extend it. ECF No. 286 at 1 (citing Min. Order (Apr. 28, 2022), ECF No. 141 (setting dispositive motions deadline)). The court found good cause to extend the deadline to file dispositive motions: "Obviously, the parties both have damages issues

they wish to present, even though the deadline is passed. To avoid an unnecessary trial on damages and remedies, the court will permit further briefing, according to the summary judgment rules." *Id.* Hossfeld's pending motion for partial summary judgment is therefore timely and authorized by the court. *See also* Min. Order 1 (May 31, 2024), ECF No. 292 (extending the initial deadline to file summary judgment motions on damages and remedies). Having settled this preliminary issue, the court turns to Hossfeld's request for a permanent injunction.

By way of background, during the liability phase of this case, the summary judgment evidence showed that the eight telemarketing calls Hossfeld received were placed by a company referred to as Transfer Kings, which in turn hired a subcontractor called Atlantic Telemarketing. *See Hossfeld*, 726 F. Supp. 3d at 865–66. The record also showed that "Transfer Kings did not scrub [compare] its lists of numbers to be called against Allstate's internal do-not-call list in part because, at the time, non-contracted Allstate vendors did not have access to Allstate's tool for scrubbing lists." *Id.* at 866 (citation omitted). In the pending motion, Hossfeld seeks a permanent injunction requiring Allstate, "any insurance agent that has a contract with Allstate," and "any sub-vendor" from calling his cell number. Mot. Inj. ¶ 3, ECF No. 293.

Traditional equitable principles presumptively apply to the TCPA's grant of authority to award injunctive relief.[1] *See AMG Cap. MGMT., LLC v. FTC*, 593 U.S. 67, 75–76 (2021); *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 319 (1999). To obtain a permanent injunction under traditional principles of equity, the plaintiff must establish:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

---

1. The standard applicable to a motion for summary judgment is set out in the March 2024 opinion. *See Hossfeld*, 726 F. Supp. 3d at 859.

*LAJIM, LLC v. Gen. Elec. Company*, 917 F.3d 933, 944 (7th Cir. 2019) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

Allstate asserts that statutory damages are *per se* adequate to remedy any future TCPA violations. The provision of the TCPA under which Hossfeld sues authorizes any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" to bring "(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or (C) both such actions." 47 U.S.C. § 227(c)(5). By permitting a plaintiff to sue for both injunctive relief and statutory damages, Congress recognized that there would be circumstances in which the threat of statutory damages would be insufficient to deter future violations so that injunctive relief is appropriate. *See Snyder v. Ocwen Loan Serv'g, LLC*, 258 F. Supp. 3d 893, 913–14 (N.D. Ill. 2017); *cf. Chapman v. First Index, Inc.*, 796 F.3d 783, 786–87 (7th Cir. 2015) (offer of judgment awarding maximum statutory damages does not moot a claim for injunctive relief under § 227(c)(5)). In view of the TCPA's text and structure, Allstate's contention that the availability of statutory damages categorically precludes an award of permanent injunctive relief under § 227(c)(5)(A) must be, and is, rejected.

Although there is no categorical bar to equitable relief here, the court possesses discretion to deny Hossfeld's request for a permanent injunction if, among other things, he fails to establish a "likelihood of future harm." *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015) (citing *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.,* 522 F.3d 1200, 1208 (11th Cir. 2008)). The decision in *Bais Yaakov of Spring Valley v. ACT, Inc.*, 12 F.4th 81 (1st Cir. 2021), furnishes an example. The plaintiff there sought a permanent injunction barring the defendant from sending faxes to his phone number. *Id*. at 95. The trial court declined to issue such an injunction. *Id.* The First Circuit affirmed because the record showed that the defendant had not sent the plaintiff an unsolicited fax in the nine years during which the case was pending,

3

that the defendant deleted the plaintiff's fax number from its database of numbers to call, and that the defendant admitted that sending future faxes would violate the TCPA. *Id.*; *see also Lary*, 718 F.3d at 1107; *Martin v. Bottom Line Concepts, LLC*, 723 F. Supp. 3d 270, 281–82 (S.D.N.Y. 2024) (collecting cases).

Here, Hossfeld submits summary judgment evidence supporting the proposition that after he filed this case in 2020, he received eight telemarketing calls placed by Transfer Kings or a subcontractor, allegedly on Allstate's behalf. Hossfeld received these alleged calls on scattered dates between April 7, 2021, and April 19, 2023. *See* Pl. Stmt. Facts ¶¶ 21–43, ECF No. 294. Allstate argues that the court should not consider Hossfeld's evidence concerning these eight alleged calls because they fall outside of the scope of discovery authorized in this case. Indeed, the magistrate judge who supervised discovery so ruled in 2021. *See* Tr. of Hr'g held Oct. 6, 2021, at 38, ECF No. 240-2. In addition, the eight alleged calls beginning on April 7, 2021, are at issue in a later-filed case in this district pending before Judge Cummings.[2] *See Hossfeld v. Allstate Ins. Co.*, No. 24-CV-2613, Order at 1 (N.D. Ill. Jan. 13, 2025) (Cummings, J.). The court agrees that it would be unfair to Allstate to treat the evidence concerning these eight calls as undisputed for purposes of the instant motion because Allstate has had no opportunity in this case to conduct discovery about them, and discovery remains ongoing in Judge Cummings' case. *See id.* at 1–2.

Nevertheless, because doing so will not alter the outcome of the pending motion, the court will assume for purposes of argument only that Hossfeld received the eight alleged calls beginning April 9, 2021. *See* Pl. Stmt. Facts ¶¶ 21–43. Having made this assumption, the court nevertheless declines to issue a permanent injunction because Hossfeld has not demonstrated a sufficient likelihood of future harm, that is, a likelihood that he will receive unsolicited calls potentially attributable to Allstate. There is no evidence that Hossfeld received telemarketing

---

2. A related subpoena-enforcement proceeding was transferred to this court from the Western District of Texas on December 27, 2024. *Hossfeld v. Allstate Ins. Co.*, No. 25-CV-388, N.D. Ill. Dec. 27, 2024) (transfer order of Rodriguez, J., of the W.D. Tex.).

calls from Allstate, or someone alleged to be acting on Allstate's behalf, since April 25, 2023. *See id.* Allstate argues that this date is significant because it is the date it changed its agency standards in a manner intended to rein in non-contracted calling vendors like Transfer Kings. Resp. to Stmt. Add'l Mat. Facts ¶ 5, ECF No. 311 (undisputed; Updated Agency Standards 11–12 (Apr. 25, 2023)), Def. Ex. A-1, ECF No. 305-1. As relevant to this litigation, the updated standards require Allstate's "Insurance Agents to only [sic] hire live call transfer vendors with which Allstate has a contractual relationship." Resp. to Stmt. Add'l Mat. Facts ¶ 5. All such vendors have access to Allstate's internal software tools for checking phone numbers against Allstate's internal do-not-call list (a.k.a. scrubbing the contractor's list). *Id.* ¶ 6. Allstate's contracted vendors may also share do-not-call requests with Allstate. *Id.*

Hossfeld counters that Allstate's updated agency standards have a loophole. They allow, but do not require, contractors to scrub a phone number against Allstate's internal do-not-call database. Based on the non-mandatory language used in the standards, *e.g.*, "may scrub directly," Hossfeld appears to be correct. But he cites no evidence and suggests no reason that the court should find that there is a realistic possibility that a contractor will fail to avail itself of the opportunity to scrub any list of potential leads on which his cell number appears against Allstate's internal do-not-call list in the future. Depending on the facts, courts have declined to issue a permanent injunction under the TCPA where as few as eight months have passed since the plaintiff received a telemarketing call. *See Martin*, 723 F. Supp. 3d at 281; *Miller v. Time Warner Cable Inc.*, 2016 WL 7471302, at *4 (C.D. Cal. Dec. 27, 2016). Here, the record suggests that Hossfeld has received no telemarketing calls arguably associated with Allstate in the twenty-two months since Allstate altered its agency standards. Given these undisputed facts, Hossfeld has not demonstrated a reasonable likelihood of future harm sufficient to warrant issuance of a permanent injunction.

For these reasons, plaintiff's motion for partial summary judgment awarding permanent injunctive relief is denied. The parties are instructed to file a status report within seven days informing the court of any matters that remain to be resolved before judgment is entered in

accordance with the March 2024 opinion and the agreed damages reflected in the minute order of April 22, 2024.

Date:  February 11, 2025                                                  /s/ Joan B. Gottschall
                                                                                          United States District Judge